**C.G. GIFFIN, Relator,**

v.

**The Honorable R.L. SMITH, Judge et al., Respondents.**

**No. C–3887.**

Supreme Court of Texas.

April 10, 1985.

Garrett, Letbetter and Payne, Tom R. Letbetter and George Payne, Houston, for relator.

Elena R. Maslia, Houston, for respondents.

## ORIGINAL MANDAMUS PROCEEDING

### PER CURIAM.

This is an original proceeding in which C.G. Giffin seeks to have this court issue a writ of mandamus directing the district court to vacate its order overruling his motion to compel answers to deposition questions and to enter an order compelling answers to these questions. We grant the motion for leave to file petition for writ of mandamus and, pursuant to Tex.R.Civ.P. 483, without hearing oral argument, conditionally grant the relief requested.

This proceeding arises out of a lawsuit brought by Giffin against several corporations on theories of slander and breach of an employment contract. In the course of conducting pre-trial discovery, Giffin sought to depose William P. Costantini, general counsel and vice-president of one of the corporate defendants, concerning his knowledge of certain allegedly slanderous statements. Costantini refused to answer some twenty-three (23) questions relating to these statements, including two questions requesting the identities and locations of persons having knowledge of relevant facts regarding Giffin's alleged acceptance of kickbacks while he had been employed by one of the defendants. This allegation is the subject of Giffin's slander action. The basis given for Costantini's refusal to answer these questions was that the information sought was protected from discovery by either the attorney-client privilege or the investigative privilege set forth in Tex.R.Civ.P. 166b, subd. 3 d.

Giffin filed a motion to compel Costantini to answer each of these questions. The trial court ordered that Costantini answer only one out of the twenty-three questions and overruled Giffin's motion in all other respects. The court of appeals denied Giffin's motion for leave to file a petition for writ of mandamus in that court and he sought the same relief from this court.

■ With regard to the first two of the twenty-three questions, the trial court's refusal to compel answers from Costantini conflicts with our rules. Rule 166b, subd. 2 d specifically makes discoverable the identity and location of persons having knowledge of relevant facts. The final paragraph of Rule 166b, subd. 3 expressly states that none of the exemptions from discovery contained in that division of Rule 166b shall be construed to render nondiscoverable the identity and location of any person having knowledge of relevant facts. The exemptions from discovery recognized in Rule 166b, subd. 3 include any matter protected from disclosure by privilege. The plain language of Rule 166b thus makes it clear that information concerning the identity and location of persons having knowledge of relevant facts can never be protected from discovery. The first two of the twenty-three questions at issue herein requested only the names and addresses of all persons having knowledge of relevant facts regarding Giffin's alleged receipt of kickbacks. The trial court clearly abused its discretion in refusing to compel answers to these two questions.

The remaining questions to which the trial court refused to compel answers concerned communications to which Costantini was a party and which dealt with Giffin's alleged receipt of kickbacks.

■ Rule 166b, subd. 3 d exempts from discovery the following matters:

with the exception of discoverable communications prepared by or for experts,

any communication passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives or their employees, *where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen....* (Emphasis added). Tex.R.Civ.P. 166b, subd. 3 d. The record contains no evidence to support a finding by the trial court that any of these communications were "made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen."

▇ Rule 166b, subd. 3 e exempts from discovery "any matter protected from disclosure by privilege." Respondents assert that the communications in question are entitled to protection from discovery under the attorney-client privilege.

Rule 503(b), Tex.R.Evid. provides the following general rule with regard to the attorney-client privilege:

(b) General rule of privilege. A client has a privilege to refuse to disclose and to prevent any other person from disclosing *confidential communications* made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer or a representative of the lawyer to a lawyer, or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

(Emphasis added.) Tex.R.Evid. 503(b).

Rule 503(a)(5), Tex.R.Evid., provides the definition of "confidential:"

(5) A communication is "confidential" if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication. Tex.R.Evid. 503(a)(5).

▇ The record in this cause contains no evidence to support a finding that any of the communications to which the attorney-client privilege has been asserted meet the confidentiality requirement set forth in the Texas Rules of Evidence. The burden is on the party asserting a privilege from discovery to produce evidence concerning the applicability of the particular privilege to the communication in question. Here, that burden simply was not carried.

Our ruling does not prevent the real parties at interest herein, the defendants in Giffin's lawsuit, from producing evidence which will support a finding that the communications in question are entitled to protection from discovery under either the attorney-client privilege or the investigative privilege. We hold only that, under the present record, the district court's refusal to grant Giffin's motion to compel answers to deposition questions was a clear abuse of discretion.

We are confident that Judge Smith will abide by our decision. A writ of mandamus will issue only if he fails to do so.