**Joyce BARNES, Relator,**

v.

**The Honorable John WHITTINGTON, Judge, 193rd District Court, Dallas County, Texas, Respondent.**

No. 05-87-00600-CV.

Court of Appeals of Texas, Dallas.

July 24, 1987.

Larry Hayes, Fort Worth, for relator.

Les Weisbrod, Dallas, for respondent.

Before DEVANY, BAKER and McGRAW, JJ.

ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

DEVANY, Justice.

Relator, Joyce Barnes (Barnes) moved for and was granted leave to file a petition seeking a writ of mandamus commanding Honorable John Whittington, Judge of the 193rd District Court of Dallas County, to set aside and cancel his order granting the motion of defendant Midway Park General Hospital (Midway Park) for reconsideration and protection of certain documents from discovery. Barnes seeks discovery of the documents which Midway Park contends are privileged by virtue of article 4447d, section 3, of the Texas Revised Civil Statutes.

The record before us reveals that Barnes served her first request for production of documents on Midway Park in May, 1986.

Midway Park responded to that request by production of some documents but refused production of the documents now in question, asserting privilege under article 4447d(3). As a result of a hearing in June, 1986, the trial court ordered the documents asserted to be privileged by Midway Park to be delivered to the trial court for an *in camera* inspection. (There is no statement of facts or other record of this hearing in the record before this court.)

Subsequently, the trial court informed Barnes that the court considered the privilege asserted as valid and that the documents sought by Barnes were not discoverable. Barnes requested the court to furnish her with a descriptive list of the documents, and, after receiving this descriptive list from the court, filed her motion for reconsideration and production of the documents. Barnes's motion was heard by a visiting judge on April 9, 1987; on April 10, 1987, the visiting judge entered an order requiring Midway Park to produce all of the documents listed. (There is no statement of facts or other record of this hearing in the record before this court.) Midway Park promptly filed a motion for reconsideration and for protective order. This motion was heard by the respondent judge on April 17, 1987. (There is no statement of facts or other record of this hearing in the record before this Court.) The respondent entered his order sustaining the Midway Park motion for reconsideration and, reversing the order of the visiting judge, again held all the requested documents to be privileged. This petition for mandamus followed.

**** Mandamus will not issue unless a clear abuse of discretion is shown. *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex. 1984). As the proponent in this original proceeding for mandamus, Barnes has the burden to show that the facts and law require only one result. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). Midway Park had the burden of proof in the trial court with respect to its assertion of privilege under article 4447d(3). *Giffin v. Smith*, 688 S.W.2d 112, 114 (Tex.1985). From the state of the record, we must assume that this burden was met.

**** At oral argument, the attorneys for the parties conceded that no record had been made of any of the hearings, and, in addition thereto, that at none of the three hearings was any evidence or testimony adduced by either side. Therefore, we cannot hold that there was a clear abuse of discretion since neither the statement of facts, with regard to any of the hearings, nor the affidavits used to establish the claim of privilege have been brought forward. We, therefore, do not have a record of what Judge Whittington had before him.

Absent a statement of facts with respect to these hearings, or findings of fact and conclusions of law, this court will assume that the trial court made all necessary findings to support its order. *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980); *Cf. Williams v. Crier*, 734 S.W.2d 190 (Tex. App.—Dallas, 1987, orig. proceeding) (writ granted because statement of facts failed to reflect evidence necessary to support trial court's decision).

We, therefore, deny the writ of mandamus.