**STERLING DRILLING COMPANY, Relator,**

v.

**Honorable Rose SPECTOR, Respondent.**

No. 04–88–00412–CV.

Court of Appeals of Texas, San Antonio.

Oct. 31, 1988.

Sharon E. Callaway, Robert E. Valdez, Groce, Locke & Hebdon, San Antonio, for relator.

Bob Hanna, Sam Reyes, Abilene, David Jones, Fulbright & Jaworski, San Antonio, for respondent.

Before ESQUIVEL, BUTTS and REEVES, JJ.

## OPINION

REEVES, Justice.

This original proceeding arises from a suit filed by Zoila Medrano, individually and as a representative of the estate of Armando Guzman Medrano, Jr., deceased, and as next friend of Judith Medrano, a minor, against Sterling Drilling Company and Sage Energy Company. Zoila Medrano, the Real Party in Interest, alleged that her husband, the deceased died as a result of injuries received in an accident at the work site, a well owned and operated by Sage. We must determine whether statements taken by an attorney at the behest of Relator's Workers Compensation Carrier are privileged from discovery. We deny the writ.

The parties reached agreement on discovery except as to four items. These four items sought by Medrano consists of the following:

Request No. 11: True and correct copies of any and all documents in your possession, custody or control, including any by Texas Employers' Insurance Association, relating to the investigation and handling of the accident and the damages alleged in this cause.

Request No. 17: Any and all statements previously made by any employee, agent, or representative of either Defendant, including Victor Jordon, Tanislado Natividad, and Hilberto Villarreal, concerning the matters forming the basis of this lawsuit. For the purposes of this Request a statement previously made is:

(a) A written statement signed or otherwise adopted or approved by the person making it; and

(b) A stenograph, mechanical, electrical, or other type of recording, or any transcription thereof, which is a substantial verbatim recital of a statement made by the person or contemporaneously recorded.

Request No. 22: Any written communications between the parties relating to this case other than between the attorneys.

Request No. 23: Attach a copy of any and all investigative and accident reports or sets of notes made in connection with the investigation of the subject matter made the basis of this lawsuit.

Sterling responded by asserting attorney work product, investigative privilege, and attorney-client privilege under TEX.R.CIV. P. 166b(3)(a) and (d) and TEX.R.CIV.EVID. 503 as to Requests for Production Nos. 11, 22, and 23. Sterling objected to Request

for Production No. 17 by asserting attorney-client privilege under TEX.R.CIV. EVID. 503 and the exemption for witnesses statements under TEX.R.CIV.P. 166b(3)(c). Sterling then filed a motion for protective order based on those same grounds of privilege. At the hearing, Sterling withdrew its claim of investigative privilege in relation to the witness statements. Medrano filed a motion to compel.

Judge Rose Spector presided at the hearing on both the motion to compel and the motion for protection. After hearing arguments from counsel, reviewing the motions, an affidavit from Terri Davis, (claims representative for the Texas Employers' Association) the witnesses' statements, and the attorney's letter describing the taking of the statements, the court granted the motion to compel production of the witnesses' statements and denied the motion for protection. The trial court's order found that the witnesses' statements taken by Attorney Michael McKinney are not exempt from discovery under the attorney-client privilege or the attorney work product doctrine.

The affidavit of Terri Davis states that Armando Medrano died as a result of an industrial accident on October 30, 1987. On November 3, 1987, Texas Employers' Insurance Association hired the law firm of Stubbeman McRae for the purpose of conducting a punitive damage investigation and to provide the Association and Sterling Drilling with legal advice concerning exposure for punitive damages. Mr. Michael B. McKinney, an attorney with Stubbeman McRae, took statements on November 3, 1987, from several witnesses for the purpose of advising the Association, on behalf of its subscriber, Sterling, of its potential exposure for gross negligence and punitive damage claims. The witnesses were all employees of Sterling. Davis, in his affidavit, states that while the Association does not routinely hire attorneys to conduct investigations in nonfatal claims, the Association does conduct these special exemplary damage investigations in those fatality claims in which the Association anticipates litigation.

■ We find the facts in this case to be strikingly similar to those presented in *Brown & Root U.S.A., Inc. v. Moore*, 731 S.W.2d 137 (Tex.App.—Houston [14th Dist.] 1987, no writ) and not favorable to relator's position. Davis' affidavit indicates that Texas Employers' Insurance Association only hires attorneys to investigate potential liability for exemplary damages in those cases in which there has been a fatality. There is no evidence that Mr. McKinney, the attorney hired by Texas Employers' Insurance Association, owed any other contractual obligation to perform this investigation on behalf of anyone other than Texas Employers's Insurance Association. Relator produced no evidence that Mr. McKinney was actually acting on behalf of relator, Sterling Drilling Co., other than one portion of Davis' affidavit which recites that Texas Employers' hired McKinney on behalf of relator to provide both with legal advise regarding liability. We find this statement unconvincing in light of Davis' additional statement contained in the affidavit that the statements were taken specifically for the purpose of advising Texas Employers of its potential exposure for liability. We also note that these statements were taken on the fourth day following the accidental death of Armando Medrano and no lawsuit was pending at that time. In fact, the suit against Sterling Drilling was not filed until March, 1988. There is no evidence that McKinney had any real contact with Sterling Drilling concerning the conduct of the investigation including the taking of the statements.

The party asserting a privilege from discovery has the burden to produce evidence concerning the applicability of the particular privilege to the communication in question. *Giffin v. Smith*, 688 S.W.2d 112 (Tex.1985). Under the facts presented in the record before us, we find that relator has failed to meet this burden of proof to establish its claim of attorney-client privilege as delineated in TEX.R.CIV.EVID. 503. *Cf. Brown & Root U.S.A., Inc. v. Moore, supra.*

■ We also fail to find the work product exemption applicable in the instant

cause. As was noted previously, there was no lawsuit pending at the time these statements were taken and the work product exemption does not prohibit discovery of documents or communications which were prepared or made prior to the filing of a lawsuit. *Cf. Brown & Root U.S.A., Inc. v. Moore, supra.*

We find no clear abuse of discretion on the part of the trial court. Relator's Petition for Writ of Mandamus is denied.