Marvin **WILEY** and John **Malveaux,** Relators,

v.

Honorable Mary Pearl **WILLIAMS,** Judge, Respondent.

No. 3–88–198–CV.

Court of Appeals of Texas, Austin.

April 26, 1989.

Jeff E. Rusk, Shields & Rusk, Austin, for relators.

Sarah C. Loud, Mahon B. Garry, Jr., Bankston, Wright & Greenhill, Austin, for Austin Commercial, Inc., for real party in interest.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

SHANNON, Chief Justice.

Marvin Wiley and John Malveaux, relators, complain of Honorable Mary Pearl Williams, Judge of the 53rd District Court of Travis County. On June 23, 1988, Judge Williams signed an order overruling a motion to compel production. Relators seek to have that order vacated by writ of mandamus. By overruling the motion to compel production, the district court necessarily concluded that the documents sought were exempt from disclosure. Because we agree with that conclusion, this Court will deny relators' petition for writ of mandamus.

On November 27, 1985, relators were working on a building under construction in Austin. The bay on which they were working collapsed, causing them to fall and sustain injuries. As a result, relators filed the underlying lawsuit on August 10, 1987, asserting negligence on the part of Austin Commercial, Inc., and others. Relators filed a request for production of documents and tangible things, including:

1. Any and all documents regarding any investigation concerning the incident made the basis of this lawsuit conducted by [Austin Commercial] or any of its agents, representatives or insurers, or their agents or representatives identifying each person participating in or conducting the investigation and date any such investigation was conducted and/or performed prior to August 10, 1987 [the date relators filed suit].

Austin Commercial identified the sought-after documents and the persons who had conducted the investigations, but refused to hand over the documents to relators. In support of its refusal to produce the documents, Austin Commercial objected to the request for production as follows:

[Austin Commercial] objects to this Request on the grounds that the documents requested are protected from discovery by the attorney work product exemption, Rule 166b(3)(a), Tex.R.Civ.P., and/or the investigative privilege, Rule 166b(3)(d), Tex.R.Civ.P., and/or the attorney-client privilege, Rule 503, Tex.R.Ev.

After hearing, the district court sustained Austin Commercial's objections and, accordingly, overruled relators' motion to compel production. The relators' position is that none of the objections is a legitimate basis for denying the motion to compel production. This Court will deny relators' petition for writ of mandamus upon the basis that the requested documents are protected from discovery by the attorney-client privilege with respect to one category of documents and by the work product exemption for the remaining categories.

■ One of the categories of contested documents is Austin Commercial's attorney's correspondence file (see footnote one). This file contains copies of letters to and from Austin Commercial's liability insurer. Those letters convey information regarding the progress and handling of the personal injury claims which underlie this mandamus proceeding. The letters are plainly "confidential communications made for the purpose of facilitating the rendition of professional legal services," and, as such, are privileged. Tex.R.Evid.Ann. 503(b) (Pamp.1989). Relators do not contend that this privilege has been waived. This Court concludes that this category of documents is exempt from discovery. Tex. R.Civ.P.Ann. 166b(3)(e) (Supp.1989).

■ The work product of an attorney is protected from disclosure by privilege. Tex.R.Civ.P.Ann. 166b(3)(a) (Supp.1989); see West v. Solito, 563 S.W.2d 240, 243 (Tex.1978). The purpose of the work product privilege is to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery efforts of the opponent. *United States v. American Telephone and Telegraph Co.*, 642 F.2d 1285, 1299 (D.C. Cir.1980). As we understand, the work product doctrine generally protects against disclosure of specific documents, reports, communications, memoranda, mental impressions, conclusions, opinions, or legal theories, prepared and assembled in actual anticipation of litigation or for trial. *Evans v. State Farm Mut. Auto. Ins. Co.*, 685 S.W.2d 765, 767 (Tex.App.1985, writ ref'd n.r.e.). The work product exemption is not, however, an umbrella for materials assembled in the ordinary course of business. *Id.* The work product doctrine protects materials prepared by agents for the attorney as well as those prepared by the attorney himself. *United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).

■ At the time the materials[1] sought to be discovered were assembled, relators had not filed suit. Relators argue that the information must be disclosed because litigation could not have been anticipated before suit was filed. This Court does not understand that suit must have been filed in order for information to be exempt from discovery as work product. Rule 166b(3)(a), itself, sets out no such requirement. *But see Sterling Drilling Company v. Spector*, 761 S.W.2d 74 (Tex.App. 1988, orig. mand. proceeding). The opinions suggest that the work product doctrine does not protect from discovery materials gathered in the ordinary course of business, but does protect from disclosure materials assembled and brought into be-

---

1. Exhibit one of the requested documents consists of a series of handwritten notes made by Wright; a law partner, Joe Crawford; and Wright's secretary. The notes reflect Wright's conversations with the investigator and with witnesses. Some of the notes reflect Crawford's conversations with some of the witnesses. Wright testified that all of the notes in exhibit one were his attorney-work product.

Exhibit two consists of the correspondence between Wright and Austin Commercial's liability insurance carrier.

Exhibit three is a collection of correspondence between Wright and the investigator whom he had hired concerning the investigations that Wright had requested. Such investigations were done pursuant to Wright's direction and under his control. Wright opined such correspondence was a part of his work product.

Exhibit four consists of transcriptions of two recorded statements by Wright's hired investigators. Wright testified that the statements were a part of his work product.

Exhibit five consists of Wright's letter to a consultant whom Wright hired. Also included are some materials sent to the consultant and the consultant's report to Wright. At the time of the hearing on the motion, Wright testified that he had not formed an intention to use the consultant "as anything other than strictly as a consultant."

ing for trial *or* in anticipation of litigation. *Evans v. State Farm Mut. Auto Ins. Co., supra; United States v. El Paso Co.,* 682 F.2d 530, 542 (5th Cir.1982).

■ The important consequences of determining when litigation is reasonably anticipated have fueled the search for a "bright-line" test. Relator's suggested bright line, that work prepared before suit was filed is *never* privileged, is extreme. Such position suggests that persons are always surprised when a lawsuit is filed. In fact, persons usually know that they are involved in a serious dispute some time before suit is filed. The opposite extreme position is that work done after an attorney is retained is always privileged. This position wrongly assumes that every controversy results in litigation. In truth, then, no single bright line exists that indicates in every situation when the work product privilege begins.[2] When litigation is reasonably anticipated is, therefore, a professional legal judgment made in light of the specific facts of a case—a judgment-call ultimately made by the court.

■ At the hearing on the motion, Austin Commercial called T.B. Wright, one of its attorneys, who testified to the following facts. On the very morning that the construction bay collapsed, Wright received a telephone call from his client informing him that a serious accident had occurred at the construction site and requesting the law firm to represent it in connection with any legal problems that could stem from the accident.[3] Acting for the law firm, Wright hired an investigator to assist in the investigation of the accident and he hired a consultant. The materials which relators seek to discover include Wright's written work and work of the investigator and the consultant.

In addition to the general contractor there were two subcontractors connected with the incident which caused the injuries. The contracts of these two "subs" contained indemnification clauses. Under such circumstances, assignment of fault, short of litigation, is difficult. Wright testified that multiparty lawsuits are less likely to settle, particularly when indemnification problems are involved. Wright testified further that after considering these factors, he concluded at the time that he was hired it was extremely likely there would be litigation stemming from the accident.

We conclude that there was proof from which the district court could have concluded that the materials were assembled by an attorney or his agents in reasonable anticipation of litigation. Accordingly, the district court did not abuse its discretion. *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56 (Tex.1986). The petition for writ of mandamus is denied.[4]

2. In some cases litigation is reasonably anticipated *before* an attorney is hired. One can envisage a number of such fact patterns, the most likely being when suit has already been filed. If the trial court concludes that litigation was reasonably anticipated at the time the attorney was hired, then the privilege does begin at the time the attorney was hired. Such result is a coincidence. Other situations are conceivable in which the facts supporting a reasonable anticipation of litigation would not occur until long after the attorney was retained. In any event, the anticipation date determined by the court is the factor that marks which documents are protected under the work product privilege.

3. Coincidentally, before he received the telephone call, Wright happened to be looking from his office window and saw a number of emergency vehicles responding to the accident.

4. Our conclusion is not support for the proposition that all accident reports are exempt if they are compiled after an attorney is hired or if they are compiled under an attorney's supervision. Only those reports made in "anticipation of litigation" are protected. In this proceeding the district court determined that the facts were such that at the time the attorney was hired, litigation could be anticipated. Therefore, these peculiar facts and the defendant's rapid action in hiring an attorney are together responsible for the successful claim of a work product privilege.