STAR–TELEGRAM, INC., Relator,

v.

The Honorable Michael D. SCHATTMAN, Judge of the 348th Judicial District Court of Tarrant County, Texas, Respondent.

No. 2–89–255–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 17, 1990.

Bishop, Payne, Lamsens & Brown, Thomas J. Williams, Fort Worth, for relator.

Webb, Kinser & Luce, P.C., Buddy Luce, Dallas, for real parties in interest.

Before WEAVER, C.J., and HILL and FARRIS, JJ.

OPINION

WEAVER, Chief Justice.

The Star–Telegram, Inc., relator, seeks the issuance of a writ of mandamus to compel respondent, the Hon. Michael D. Schattman, Judge of the 348th District Court of Tarrant County, to vacate his order of October 12, 1989, and to grant relator's protective order. The real parties in interest, O. Carol Davis and Jonathan Davis, plaintiffs in an underlying suit

against relator and others, sought, and were granted, production of the documents at issue which are the handwritten notes of Robert Fitzpatrick. Relator claims these notes are privileged as attorney work product since Fitzpatrick is an attorney employed by relator's parent corporation, Capital Cities ABC. We deny the requested relief.

Real party in interest Carol Davis has alleged that on various occasions in 1987 her supervisor at the Fort Worth Star Telegram committed numerous offensive acts of sexual harassment by both physically touching her in a sexual manner and by verbal abuse, causing her extreme mental anguish and distress. These and other similar claims form the basis of the underlying lawsuit. According to her pleadings, Mrs. Davis "suffered a complete physical and emotional breakdown in July, 1987." In August of 1987, Robert Fitzpatrick, an attorney licensed in New Jersey and employed by the Star Telegram's parent corporation to provide "day-to-day advice and counsel in the area of litigation and employment practices" investigated allegations of sexual harassment. Fitzpatrick came to Fort Worth in response to a telephone call from someone at the newspaper concerning a "situation" involving the vice president of circulation and a number of employees. Fitzpatrick stated his duties were to "advise the Star–Telegram as to how they ought to proceed."

An investigation had already been conducted by two Star–Telegram employees. Fitzpatrick received the results of that investigation, then conducted his own interviews. At a hearing conducted by Judge Schattman concerning the protective order, Fitzpatrick testified his purpose was to elicit facts, and to assist the paper's publisher "in making a decision as to how he could be in compliance with the laws and how he might avoid possible certain legal problems." Fitzpatrick provides advice on employment matters, such as compliance with Equal Employment Opportunities Commission guidelines on sexual harassment. The record does not reflect EEOC complaints were ever filed, and the Davises did not file their state court negligence suit until some-

time later. During the interview process, Fitzpatrick made handwritten notes. Those notes are the documents respondent has ordered the Star–Telegram to produce.

■ The Star–Telegram asserts Fitzpatrick's notes are attorney work product and thus are not discoverable under TEX. R.CIV.P. 166b(3)(a). We have read the briefs of the parties and the cases cited therein as well as other resources. This is an area of the law which is undergoing changes. The increasing number of mandamus cases has been marked by a lack of concrete guidelines. One of the most recent Texas Supreme Court pronouncements on discovery is *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38 (Tex.1989). *Flores* primarily concerns when party communication material is discoverable under rule 166b(3)(d). The court held that a two-step analysis answers the vital issue of when such communications are deemed to have been made "in anticipation of litigation." *Id.* at 40. The Austin Court of Appeals has recently held that *Flores* and its reasoning should be applied to the work product privilege under rule 166b(3)(a), and that work product created routinely, in the ordinary course of business, will not be protected. *Dep't of Mental Health v. Davis*, 775 S.W.2d 467, 471 (Tex.App.—Austin 1989) (orig. proceeding). We agree.

Under *Flores*, we must grant great deference to the trial court's ruling and issue the writ of mandamus only when the trial court decision is "so arbitrary and unreasonable that it results in a clear and prejudicial error of law." *Flores*, 777 S.W.2d at 41. For the contested material to be protected, it must meet both prongs of the *Flores* test: 1) an objective examination of the facts surrounding the investigation shows the existence of outward manifestations that litigation is imminent; and 2) the party opposing discovery must (subjectively) have a good faith belief litigation would ensue. *Id.* It is under these guidelines that we, as an appellate court, must review the actions of the trial court.

We note initially that we do not have a complete statement of facts from the dis-

covery hearing, and certainly none of the arguments counsel made to the court. The mere fact that an investigation is undertaken is not dispositive. *Stringer v. Eleventh Court of Appeals,* 720 S.W.2d 801, 802 (Tex.1986) (per curiam). Additionally, it has been held that investigative materials prepared in connection with one case will be discoverable in another case. *See Turbodyne Corp. v. Heard,* 720 S.W.2d 802, 804 (Tex.1986) (per curiam). Fitzpatrick testified his purpose in conducting interviews was to advise the paper's publisher on how to comply with federal employment law, principally by taking appropriate corrective action. The paper hoped to thus avoid liability if the person aggrieved were to file charges or a lawsuit under Title VII or state or local discrimination law. *See* 42 U.S.C.S. sec. 2000e (1989). It has been stated that the purpose of the work product privilege "is to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery efforts of the opponent." *Wiley v. Williams,* 769 S.W.2d 715, 717 (Tex.App.—Austin 1989) (orig. proceeding). We agree with the Austin court, however, that it is not "an umbrella for materials assembled in the ordinary course of business." *Id.*

As to the two-pronged *Flores* analysis, the trial judge heard Fitzpatrick's testimony and examined the notes. There is nothing in the record to show an EEOC complaint had been, or ever was, filed. Nor is there evidence the Davises were threatening to sue. Fitzpatrick testified he was advising the paper on how to take corrective measures, if such were called for. We additionally note that this attorney employed by the paper's corporate parent is licensed only in New Jersey, not Texas, and specializes in employment law issues. The Davises' suit is in negligence and gross negligence. While no *one* of the factors we have mentioned may, alone, be dispositive of a mandamus, taken together along with the other evidence and arguments the trial court considered, we hold the Star–Telegram has not established an abuse of discretion on the part of Judge Schattman. The facts do not show that the applicable law permitted the trial judge to make but one decision. *See Davis,* 775 S.W.2d at 475.

■ The Star–Telegram has additionally asked this court to hold these materials are privileged because the corporation is required to investigate sexual harassment claims under Title VII. Presumably relator is using TEX.R.CIV.EVID. 502. Rule 502, however, only protects reports "required by law to be made" *if* the law requiring the report to be made makes such report privileged. *Id.* Reports are not *required* under the EEOC sexual harassment guidelines in 29 C.F.R. sec. 1604.11 (1989) and certainly are not made privileged by that section. Rule 502 thus provides no privilege here. Nor does section 1604.11 itself. Indeed, the Fifth Circuit has held:

> No explicit requirements respecting any specific preventive measures or grievance procedures which might be consistent with the duties outlined in the statute are anywhere to be found in Title VII itself. Nor are the relevant EEOC regulations more helpful.

*Whitaker v. Carney,* 778 F.2d 216, 220 (5th Cir.1985), *cert. denied,* 479 U.S. 813, 107 S.Ct. 64, 93 L.Ed.2d 23 (1986). *Whitaker* involved an attempt by the City of Garland, Texas, to stop a former employee from seeing the City's confidential investigation file on sexual harassment complaints made against that former employee. *Id.* at 217–18. The court held there was nothing in the federal statutes precluding discovery of the materials. We do not accept Star–Telegram's theory that these notes are protected because they may concern Title VII claims.

The writ of mandamus sought against Judge Schattman will not issue.