Danny Joe PATMORE, Appellant,

v.

STATE of Texas, Appellee.

No. 11–90–195–CR.

Court of Appeals of Texas,
Eastland.

May 21, 1992.

Rehearing Denied June 18, 1992.

Roger Nichols, Abilene, for appellant.

Jack G. Willingham, Dist. Atty., Anson,
Eddie L. Meaders, Abilene, for appellee.

OPINION

McCLOUD, Chief Justice.

The jury convicted appellant of aggravated sexual assault of a child. After finding that appellant had been previously convicted of two prior felonies alleged for enhancement, the jury assessed appellant's punishment at confinement for 75 years. We reverse and remand.

By agreement of the parties, the victim, who was appellant's five-year-old daughter, testified by a videotape recording pursuant to Tex.Code Crim.Pro.Ann. art. 38.071, § 4 (Vernon Supp.1992). The victim testified that appellant "stuck a stick" into her female sexual organ. Lisa Patmore, the child's mother, testified that, at times, the child told her that appellant did not do anything to her. The mother stated that the child told her that the child's grandfather, Karlton Massey, had told the child to say that appellant had sexually assaulted her. According to the mother, the child said, at times, that appellant did sexually assault her and that, at other times, she said appellant did not sexually assault her. The mother testified that, when Karlton Massey had possession of the child, the victim would say that appellant sexually assaulted her but that, when Karlton Massey did not have possession of the child, the victim would say that appellant did not sexually assault her. Subsequent to the alleged sexual assault by appellant, the child's grandparents, Karlton Massey and Lavern Massey, were named managing conservators of the child.

Outside the presence of the jury, Lisa Patmore and Diedre Linda Massey testified that, approximately four months after the alleged sexual assault by appellant, they took the child to Larry Dudley, a caseworker with the Child Protective Services of the Texas Department of Human Services, be-

cause the child stated that she had been sexually abused by her grandfather, Karlton Massey. At that time, Dudley made a videotape of his conference with the child. During the videotape, the child stated that Karlton Massey had inserted "gummy bears" inside of her. Also, the child said that appellant did "not do anything to her." Diedre Linda Massey and Lisa Patmore both testified outside the presence of the jury that the child called tampons "gummy bears." Diedre Linda Massey stated that the child said that her grandfather had inserted the tampons "so that it would still look like her daddy had molested her." Dudley testified, outside the presence of the jury, that the videotape reflected that, while he was talking to her, the child said that appellant had not done "anything to her" and that Karlton Massey had "inserted gummy bears inside of her."

Dudley exercised his rights under TEX. FAM.CODE ANN. § 34.08 (Vernon Supp.1992) and requested that he not be compelled to testify. Section 34.08(a) provides:

Except as provided in Subsections (b) and (c) of this section, the reports, records, and working papers used or developed in an investigation made under this chapter are confidential and may be disclosed only for purposes consistent with the purposes of this code under regulations adopted by the investigating agency.

The trial court granted Dudley's request for "confidentiality pursuant to Art. 34.08" and ruled that appellant could not go into the "interviews, the tapes or whatever the work product of that investigation was." Appellant pointed out that, while Dudley was claiming that the tape was confidential, Dudley had let Diedre Linda Massey look at the tape and had sent the tape to the police.

In a single point of error, appellant contends that the trial court erred in not permitting the jury to view the videotape taken by Dudley. We agree.

In *Hall v. State*, 764 S.W.2d 19 (Tex. App.—Amarillo 1988, no pet'n), the court held that the trial court erred in not permitting a videotape into evidence taken by an employee of the Texas Department of Human Services. In the videotape, the alleged child victim stated that someone other than the defendant had touched the child's private parts. The court held that the exculpatory evidence contained in the videotape would be admissible evidence of a prior inconsistent statement. The issue of confidentiality under Section 34.08 was not raised or discussed in *Hall*.

■ We hold that Dudley and the Texas Department of Human Services waived the privilege contained in Section 34.08 of the Texas Family Code. TEX.R.CRIM.EVID. 511 provides in part:

A person upon whom these rules confer a privilege against disclosure waives the privilege if (1) he or his predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter unless such disclosure itself is privileged.

The record shows that the videotape taken by Dudley had been shown to Lisa Patmore and Diedre Linda Massey. Appellant's attorney had viewed the videotape. The Jones County District Attorney had a copy of the videotape. Another copy of the videotape had been sent to the Stephens County District Attorney. Also, the videotape had been used in appellant's parole revocation hearing in Hood County.

The Texas Supreme Court in *Jordan v. Court of Appeals for the Fourth Supreme Judicial District*, 701 S.W.2d 644 (Tex. 1985), held that the privilege contained in former TEX.REV.CIV.STAT.ANN. art. 4447d, § 3 (Vernon 1971) (repealed September 1, 1989), now TEX.HEALTH & SAFETY CODE ANN. §§ 161.023, 161.024, 161.031–033 (Vernon Pamph.1992), had been waived because of disclosure. The court stated:

The burden of proof to establish the existence of a privilege rests on the one asserting it. *Griffin v. The Honorable R.L. Smith*, 688 S.W.2d 112, 114 (Tex. 1985); *The Honorable David Peeples, District Judge v. The Honorable Fourth Supreme Judicial District Court of Appeals*, 701 S.W.2d 635, 29 Tex.S.Ct.J. 13 (Tex.1985). If the matter for which a

privilege is sought has been disclosed to a third party, thus raising the question of waiver of the privilege, the party asserting the privilege has the burden of proving that no waiver has occurred. Compare Tex.R.Evid. 501 with Tex.R.Evid. 511.

The record shows that the videotape had been disclosed to several people. The State failed to carry its burden to prove that no waiver occurred.

■ We must determine whether the failure of the trial court to permit the videotape into evidence constituted reversible error under TEX.R.APP.P. 81(b)(2) which provides:

> If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

Proper harmless error analysis was discussed in *Harris v. State*, 790 S.W.2d 568 (Tex.Cr.App.1989):

> In summary, a reviewing court in applying the harmless error rule should not focus upon the propriety of the outcome of the trial. Instead, an appellate court should be concerned with the integrity of the process leading to the conviction. Consequently, the court should examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications. Further, the court should consider how much weight a juror would probably place upon the error. In addition, the Court must also determine whether declaring the error harmless would encourage the State to repeat it with impunity. In summary, the reviewing court should focus not on the weight of the other evidence of guilt, but rather on whether the error at issue might possibly have prejudiced the jurors' decision-making; it should ask not

whether the jury reached the correct result, but rather whether the jurors were able properly to apply law to facts in order to reach a verdict. Consequently, the reviewing court must focus upon the process and not on the result. In other words, a reviewing court must always examine whether the trial was an essentially fair one. If the error was of a magnitude that it disrupted the jurors' orderly evaluation of the evidence, no matter how overwhelming it might have been, then the conviction is tainted. Again, it is the effect of the error and not the other evidence that must dictate the reviewing court's judgment.

The jury observed and heard the child testify by videotape. Subsequent to the alleged sexual assault, the child had stated in a videotape that appellant did not sexually assault her and that her grandfather, Karlton Massey, had stuck "gummy bears" inside of her. The record shows that the child referred to tampons as "gummy bears." The child had given different accounts of the occurrence at different times. The crucial elements in the case were the child's credibility and her ability to accurately relate the events. The jury was only permitted to view the videotape wherein the child stated that appellant sexually assaulted her. The jury should have been permitted to view the videotape made by Dudley subsequent to the alleged occurrence where the child stated that appellant did not sexually assault her. We cannot conclude beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.