FEPCO, LTDA., Relator,

v.

The Honorable Charles COUSSONS, Judge of County Civil Court at Law Number 4 of Harris County, Texas, Respondent.

No. 01–92–00753–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 28, 1992.

Yocel Alonso, Houston, for relator.

William W. Ogden, Houston, for respondent.

Before OLIVER–PARROTT, C.J., and MIRABAL and JONES, JJ.

## OPINION

PER CURIAM.

This motion for leave to file petition for writ of mandamus concerns the discoverability of the names of individuals with knowledge of facts relevant to the underlying lawsuit who may also be potential parties in that lawsuit.

Relator is the plaintiff in a defamation action against W.F. "Bill" Joyce (Joyce) and Masx Energy Services Group, Incorporated (Masx). The action arose from the discovery of an allegedly defamatory memorandum authored by Joyce. In the memorandum, Joyce refers to "several reliable sources" from whom he obtained the allegedly defamatory information used to compose the memorandum. Relator has made several attempts to obtain the names of the "several reliable sources," who presumably will have knowledge of facts relevant to relator's claims against Joyce and Masx and who may also be future defendants in the case. Joyce and Masx have successfully resisted relator's attempts to obtain the names, culminating in the respondent's denial of relator's motion to compel disclosure.

Relator asks us to command respondent to do the following: (1) rescind his order denying the motion to compel disclosure; (2) order Joyce and Masx to immediately disclose the identity and location of those persons having knowledge of the relevant facts and potential parties; (3) order Joyce and Masx to re-answer certain interrogatories; and (4) order Joyce and Masx to immediately produce documents described in certain requests for production.

■ We may direct a writ of mandamus to issue against a trial court to correct a clear abuse of discretion in a discovery proceeding. *Barker v. Dunham,* 551 S.W.2d 41, 42 (Tex.1977). This is true not only where a trial court order improperly grants discovery, but also where a trial court improperly *limits* or *denies* discovery. *Lindsey v. O'Neill,* 689 S.W.2d 400, 402 (Tex.1985).

Tex.R.Civ.P. 166b(2)(d) states in relevant part as follows:

> A party may obtain discovery of the identity and location (name, address and telephone number) of any potential party and of persons having knowledge of relevant facts. A person has knowledge of relevant facts when he or she has or may have knowledge of any discoverable matter.

Tex.R.Civ.P. 166b(3)(e), which concerns any matter protected from disclosure by any privilege other than work product, expert, witness statement, or party communication, states that nothing in it "shall be construed to render non-discoverable the identity and location of any potential party [or of] any person having knowledge of relevant facts."

■ The effects of these two rules were summed up by the Texas Supreme Court in *Giffin v. Smith,* 688 S.W.2d 112, 113 (Tex. 1985):

> Rule 166b, subd. 2 d specifically makes discoverable the identity and location of persons having knowledge of relevant facts. The final paragraph of Rule 166, subd. 3 expressly states that none of the exemptions from discovery contained in that division of Rule 166b shall be construed to render nondiscoverable the identity and location of any person having knowledge of relevant facts. The exemptions from discovery recognized in Rule 166b, subd. 3 include any matter protected from disclosure by privilege. *The plain language of Rule 166b thus makes it clear that information concerning the identity and location of persons having knowledge of relevant facts can never be protected from discovery.*

(emphasis added.)

*Giffin,* in fact, is a case on point. There, the plaintiff in a slander action sought a writ of mandamus directing the trial court to vacate its order overruling his motion to compel answers to deposition questions and to enter an order compelling answers to those questions. *Id.* The plaintiff had deposed the vice-president of a corporate defendant concerning his knowledge of certain allegedly slanderous statements. *Id.* The vice-president refused to answer the questions, including two questions requesting the identities and locations of persons having knowledge of relevant facts regarding the plaintiff's alleged acceptance of kickbacks. *Id.* This allegation was the subject of the slander action. *Id.* The basis of the vice-president's refusal to answer the questions was that the information sought was privileged. *Id.*

After discussing the applicability of the above-mentioned rules, the court held as follows:

> The [two] questions at issue herein requested only the names and addresses of all persons having knowledge of relevant facts regarding Giffin's alleged receipt of kickbacks. *The trial court clearly abused its discretion in refusing to compel answers to these two questions.*

*Id.* (emphasis added.)

Although this case concerns interrogatories and requests for production instead of deposition questions, we hold likewise. We can conceive of no rationale for a different holding in a case involving discovery that is written rather than oral, when a party is entitled to discover evidence through any proper means that it chooses.

Finding *Giffin* and the above-quoted rules on point, we hold that the trial court abused its discretion in not ordering Joyce and Masx to divulge the identity and location of all persons having knowledge of relevant facts and potential parties.

■ We also hold that relator does not have an adequate remedy by appeal. An appeal is not an adequate remedy where

the party's ability to present a viable claim at trial is vitiated or severely compromised by the trial court's discovery error. *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992). Here, it would be impossible for relator to present a viable claim against the "several reliable sources" for defamation if relator were to choose to do so; without the names of those "sources," relator would never know against whom to *file* its claim. Relator cannot consider bringing claims against the "sources" when it does not know who they are. As the *Walker* court noted, "a denial of discovery going to the heart of a party's case may render the appellate remedy inadequate." *Id.* Here, relator will not even have the choice of whether to *bring* a case against the "sources" unless the discovery is allowed.

We conditionally order respondent to order Joyce and Masx to immediately disclose the identity and location of all persons having knowledge of the relevant facts and potential parties. We are confident that respondent will comply with this order, and a writ of mandamus will issue only if he fails to do so.

We decline to order respondent to order Joyce and Masx to otherwise re-answer any interrogatories or comply with any requests for production. However, we urge the respondent to reconsider his ruling on these matters in light of this opinion.