**Charles E. SPEAR, Relator,**

v.

**The Honorable J. Ray GAYLE III, Judge of the 239th Judicial District Court of Brazoria County, Texas, Respondent.**

**No. 01–93–00349–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 11, 1993.

Britton B. Harris, Scott A. Sapperstein, Gary M. Jewell, Houston, for relator.

Sagness Girourd, III, Freeport, for respondent.

Before DUGGAN, O'CONNOR and HEDGES, JJ.

## OPINION

PER CURIAM.

In the case before us, we must decide whether relator's mental condition has been placed "in controversy" such that the trial court may properly order his mental examination under Texas Rule of Civil Procedure 167a. Relator Charles E. Spear asks us to command respondent, the Honorable J. Ray Gayle III, to withdraw his order directing relator to submit to a psy-

chiatric examination. We conditionally grant relator the relief he requests.

## The Facts

Relator is the defendant in a lawsuit styled *Margie L. Clanton, Individually and as Natural Parent and Next Friend of Amy Morgan, Minor Child v. Charles E. Spear*, currently is pending in respondent's court. In her third amended petition, plaintiff alleges that:

> On or about September 29, 1989, the Plaintiff, Amy Morgan, was sexually assaulted by the Defendant, Charles E. Spear. The Defendant, Charles E. Spear, negligently physically contacted Plaintiff Amy Morgan by sexually molesting said Plaintiff. The Defendant, Charles E. Spear, knew or should have reasonably believed that such contact would be offensive, provocative, and extremely damaging to the Plaintiff, Amy Morgan, who at the time was fifteen (15) years of age. Defendant knew, or should have known, of his sexual attraction toward adolescent females and he failed to avoid a situation in which he would have been alone with Amy Morgan. Defendant failed to reasonably seek the professional help for his psychosexual disorder as an ordinary, prudent person under similar circumstances would have.

Relator denied all of plaintiff's allegations and raised no affirmative defenses.

Plaintiff filed a "Motion for Mental Examination" in which she argued that:

> Defendant's mental condition was such that he knew his conduct was socially unacceptable, but his mental disorder prevented him from viewing his abuse to the minor child, AMY MORGAN, as damaging. Because of his mental condition, Defendant was precluded from forming an intent to harm the minor child, AMY MORGAN. Part of Defendant's wrongful conduct consists of his negligence and gross negligence in failing to obtain treatment for his mental condition. Defendant's mental condition is therefor [sic] directly relevant to a material issue in the case.

In her motion, plaintiff asked respondent to order relator to undergo a "mental examination." Plaintiff also specifically asked that respondent order relator to be examined (a) at a time and place chosen by plaintiff, (b) by a psychologist chosen by plaintiff, (c) that only the psychologist, his staff, and relator be present during the examination, (d) that the examination include "any" tests and procedures deemed "necessary or desirable," and (e) that the psychologist prepare a written report within two weeks of the examination and furnish a copy of the report to plaintiff. The motion requested that the court "... require that such reports be prepared by the examining psychologist, setting out detailed findings, including results of all tests made, diagnosis, and conclusions." Relator opposed plaintiff's motion.

Granting plaintiff's motion by order dated April 13, 1993, respondent ordered relator to be examined by a *psychiatrist* chosen by plaintiff. The order states that the psychiatrist shall perform all tests and procedures "deemed necessary for a complete examination relating to the condition in controversy in this action;" that the "exact manner, scope, and method of examination is within the discretion" of the psychiatrist; that within two weeks of the examination, the psychiatrist shall prepare a written report to be furnished to the plaintiff; and that the reports "shall include detailed findings, results of tests performed, diagnoses, prognoses, and conclusions." Relator seeks relief from this order in the mandamus request before us.

## Standard of Review on Mandamus

Mandamus issues to correct a "clear abuse of discretion" by the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992); *Fepco, Ltda. v. Coussons*, 835 S.W.2d 251, 253 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding). A trial court abuses its discretion where it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839; *Cronen v. Smith*, 812 S.W.2d 69, 71 (Tex. App.—Houston [1st Dist.] 1991, orig. pro-

ceeding). Where a trial court's interpretation of discovery law is at issue, we treat the trial court's order as a legal conclusion to be reviewed with limited deference to the trial court. *See Walker*, 827 S.W.2d at 840. Mandamus will not issue when there is an adequate remedy at law, such as a normal appeal. *Walker*, 827 S.W.2d at 840; *Reveal v. West*, 764 S.W.2d 8, 10 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding).

**Was There a Clear Abuse of Discretion?**

■ We first consider whether the respondent abused his discretion in entering the order about which the respondent complains. *See Walker*, 827 S.W.2d at 839; *FEPCO*, 835 S.W.2d at 253. Texas Rule of Civil Procedure 167a(a) states in relevant part as follows:

> When the mental ... condition ... of a party ... *is in controversy*, the court in which the action is pending may order the party to submit to a ... mental examination by a physician or psychologist[.] The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. Except as provided by subparagraph (d) of this rule [entitled "Cases Arising Under Title II, Family Code"],[1] an examination by a psychologist may be ordered only when the party responding to the motion has identified a psychologist as an expert who will testify.

TEX.R.CIV.P. 167a(a) (emphasis added). In *Coates v. Whittington*, 758 S.W.2d 749 (Tex.1988), the Texas Supreme Court addressed the effect of Rule 167a:

> [R]ule 167a, by its express language, places an affirmative burden on the movant to meet a two-pronged test: (1) the movant must show that the party's mental condition is "in controversy;" and (2) the movant must demonstrate that there is "good cause" for a compulsory mental

examination. In the absence of an affirmative showing of both prongs of the test, a trial court may not order an examination pursuant to Rule 167a.

*Id.* at 751; *see also Sherwood Lane Ass'n v. O'Neill*, 782 S.W.2d 942, 944 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding). The "in controversy" and "good cause" requirements of the rule are "necessarily related." *Coates*, 758 S.W.2d at 752.

■ Relator has not himself put his mental condition in controversy. He has made no affirmative claim that puts his mental health in issue.

■ Plaintiff attempts to put relator's mental condition in controversy by pleading as a cause of action relator's negligence in failing to seek treatment for his "psychosexual disorder." This effort is inadequate to join the issue of relator's mental condition. Mere conclusory allegations in pleadings do not meet the requirements of Rule 167a. *Coates*, 758 S.W.2d at 751.

In *Coates*, the plaintiff claimed mental anguish damages as part of her personal injury action. 758 S.W.2d at 750. The defendant alleged that she had been contributorily negligent. *Id.* Arguing that her mental anguish was a preexisting condition that may have contributed to the act that caused her injury, the defendant sought and obtained a Rule 167a order for mental examination of the plaintiff. *Id.* The Texas Supreme Court held that the trial court abused its discretion in ordering the examination because the defendant's conclusory allegations did not place the plaintiff's mental condition in genuine controversy. *Id.* at 753.

■ To hold that a pleading's conclusory allegations are sufficient under Rule 167a to compel a defendant's mental examination would run headlong into concerns similar to those expressed by the court in *Coates*. Such a holding would open the door to the compulsive mental examination of defendants in virtually every personal injury suit. To have the defendant examined, the plaintiff would only need to allege

---

1. This case did not arise under Title II of the Family Code. Nor has relator identified a psychologist or any other mental health professional as a witness.

that some mental condition of the defendant caused or contributed to the defendant's alleged negligent act. Rule 167a was not intended to authorize the comprehensive mental probing of a party justified solely by conclusory allegations that implicate the party's mental condition. If this were not the case, defendants would be subject to such scrutinous examinations merely because the plaintiff's lawyer was clever enough to concoct a theory whereby the defendant's mental condition was somehow relevant to the events giving rise to the lawsuit. Just as plaintiffs should be protected from the overzealous use of Rule 167a, *see Coates*, 758 S.W.2d at 752–53, defendants should be, as well.

The party's mental condition must *genuinely* be in controversy. We conclude that, because only plaintiff's conclusory allegations in her petition implicate relator's mental condition, there is no Rule 167a controversy. We therefore hold that respondent abused his discretion in ordering relator to submit to a mental examination.

### Does Relator Have an Adequate Remedy at Law?

In *Walker*, the court wrote:

[A] party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error. This occurs when the trial court erroneously orders the discovery of privileged information which will materially affect the rights of the aggrieved party, such as documents covered by the attorney-client privilege, or trade secrets without adequate protections to maintain the confidentiality of the information.

827 S.W.2d at 843 (citations omitted). We face an even more serious situation. Respondent has not ordered the discovery of privileged documents relating to relator's mental health; worse, he has erroneously ordered a mental examination and the resulting creation of documents analyzing and assessing the relator's mental health in depth, when such documents would otherwise not be created. Once such documents have been created and disseminated to plaintiff, a holding on appeal that the trial court had issued the order in error would be of little use or comfort to relator. Once his privacy has been violated, it cannot be restored. The damage will have been done. We hold that the relator does not have an adequate remedy by appeal.

### Conclusion

Relator is entitled to the relief he requests, and we conditionally grant his petition for writ of mandamus. We are confident that the trial court will rescind its April 13, 1993, order, and writ will issue only if the court refuses to do so.