Petition for Writ of Mandamus Denied, and Memorandum Opinion filed July
24, 2008








 

Petition
for Writ of Mandamus Denied, and Memorandum Opinion filed July 24, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00457 -CV

____________

 

IN RE HEIDI ORTUNO, INDIVIDUALLY AND

 AS NEXT FRIEND OF J.O., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N








This
mandamus proceeding marks the second occasion for relator Heidi Ortuno to
request that we protect her consulting expert=s report from being disclosed and
used in the underlying litigation.  We previously denied her request to issue a
writ of mandamus compelling the trial court to enter a protective order,
because the requested relief had not first been asked of the trial court.[1] 
When that request was posed to the trial court, the respondent[2]
ruled that Ortuno had waived the consulting-expert privilege.   In challenging
the trial court=s rulings on mandamus, Ortuno twice has filed unsealed copies
of the document she insists are privileged.  We conclude that in so doing, she
has waived the privilege through voluntary and intentional disclosure. 
Accordingly, we deny the petition.

                                                               Background

The
underlying facts are well-known to the parties, and are recited in more detail
in the Court=s memorandum opinion of May 6, 2008.[3] 
Briefly, the three-page report of Sue Caudle, Ph.D., whom Ortuno contends is
her consulting expert, was produced in discovery as a part of the medical
records of non-party Texas Children=s Hospital.[4] 
Upon learning of the disclosure, Ortuno contended that Rule 193.3(d) required
her opponent, Winkler Villa, to return the report.  The trial court concluded
that Rule 193.3(d) does not apply to production by non-parties, and we likewise
denied mandamus relief.

Ortuno
then asked the trial court to enter a protective order to prevent Winkler Villa
from disclosing or using the already-produced report.  The trial court denied
Ortuno=s request, ruling that she (1) had
not timely requested protection, (2) failed to request that the report be
sealed pursuant to Rules 192.6(b) and 76a, and (3) waived the consulting-expert
privilege.  This mandamus proceeding ensued.  Ortuno asks that we issue a writ
of mandamus to compel the trial court to enter a protective order prohibiting the
use and disclosure of Dr. Caudle=s report.

                                                       Standard of Review








Mandamus
relief will lie if the relator establishes a clear abuse of discretion for
which there is no adequate appellate remedy.  In re AutoNation, Inc.,
228 S.W.3d 663, 667 (Tex. 2007) (orig. proceeding).  A trial court abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to
constitute a clear and prejudicial error of law.  Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  That is, a clear abuse of
discretion occurs when a trial court issues a decision that lacks any basis or
reference to guiding legal principles.  Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 918 (Tex. 1985) (orig. proceeding).  With respect to the
resolution of factual issues or matters committed to the trial court=s discretion, we may not substitute
our judgment for that of the trial court.  Walker, 827 S.W.2d at 839. 
However, because a trial court has no discretion in determining what the law is
or applying the law to the facts, a clear failure by the trial court to analyze
or apply the law correctly constitutes an abuse of discretion.  Id. at
840.  Because a trial court cannot abuse its discretion if it reaches the
correct result for the wrong reasons, we will uphold the trial court=s order on any ground supported by
the record.  See Luxenberg v. Marshall, 835 S.W.2d 136, 141B42 (Tex. App.CDallas 1992, orig. proceeding); In
re ExxonMobil Corp., 97 S.W.3d 353, 358 (Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding).

Although
waiver is ordinarily a question of fact, and the trial court=s resolution of factual matters is
conclusive, mandamus is a proper method for determining whether waiver is
intended or unintended.  See In re Carbo Ceramics, Inc., 81 S.W.3d 369,
376 (Tex. App.CHouston [14th Dist.] 2002, orig. proceeding).  In a charge of waiver of
privileged information, the person asserting the privilege bears the burden of
showing that waiver did not occur.  See Giffin v. Smith, 688 S.W.2d 112,
114 (Tex. 1985) (orig. proceeding).

                                      Waiver by Intentional Disclosure








When
Ortuno filed her earlier mandamus proceeding, she included an unsealed copy of
Dr. Caudle=s report in the mandamus record.[5]  At a May 13
hearing on her motion for protection, Ortuno was informed that the Caudle
report had been inserted into both the trial court=s and our records, and was therefore
a public record:

THE COURT:            Are those three documents in the
court=s record already?

MR. HOOPER:          Yes.

THE COURT:            They are?

MR. HOOPER:          That=s the other thing, they=re in this court=s record[6] and the Court
of Appeals= record.

THE COURT:            In-camera documents?

MR. HOOPER:          No, sir, they=re not in-camera.  They are attached toB

THE COURT:            So they are already public
records?

MR. HOOPER:          Yes.

THE COURT:            So ordering the protection is
futile.

MR. HOOPER:          Well, you would have to do a 76a
hearing.

Accordingly, the trial
court disputed Ortuno=s assertion that she had done everything Ahumanly possible@ to prevent the disclosure of Dr.
Caudle=s records: A[T]o say that you have done
everything that=s humanly possible isn=t a fair characterization and isn=t reconcilable with other things you
have already admitted.  If the records are indeed in this court=s records and the record of the Court
of Appeals, there is no 76a motion that has to this moment been filed.@  








Despite
this admonition, Ortuno once again filed the unsealed Caudle report with the
mandamus record in this proceeding.  Accordingly, we find that Ortuno has
waived the consulting-expert privilege with respect to the Caudle report.

A party
waives a privilege if it voluntarily discloses the privileged information to an
open court.  See Stroud Oil Props., Inc. v. Henderson, No.
02-03-00003-CV, 2003 WL 21404820, at *3 (Tex. App.CFort Worth June 19, 2003, pet.
denied) (mem. op.).  Likewise, the voluntary submission of unsealed materials
in an appellate record waives any asserted privileges as to those materials:

Some of the
evidence . . . was included in the appellate record in this cause.  These
documents were made part of the record on December 28, 2004.  They were
included in the appellate record after [Appellee] asserted its claims of
privilege.  Nothing in this court=s
file evidences any attempt by [Appellee] to recall these documents as
privileged.  Therefore, for the present litigation, we conclude that [Appellee=s] prior assertion of privilege as to these documents
has been waived.

Yorkshire Ins. Co., ___ S.W.3d ___, 2007 WL 1771614, at
*14 (citation omitted).[7]  Because Yorkshire
presented as a regular appeal, the responsibility for preparing, certifying,
and timely filing the record therein lay with the trial court personnel.  See
Tex. R. App. P. 35.3.  By contrast, in a mandamus proceeding, the relatorChere, OrtunoCprepares and files the mandamus
record.  See Tex. R. App. P. 52.7(a).  This obligation does not relieve
her of the duty to properly preserve an asserted privilege, as through, for
example, the submission of a sealed mandamus record.  See, e.g., In re
Jeffcoat, No. 01-04-00430-CV, 2005 WL 428213, at *1 (Tex. App.CHouston [1st Dist.] Feb. 24, 2005,
orig. proceeding [mand. denied]) (mem. op.).








Ortuno
has voluntarily filed unsealed copies of the Caudle report on at least two
occasions.  We conclude that she has not carried her burden of demonstrating
that she did not waive the consulting-expert privilege.  See Giffin, 688
S.W.2d at 114; Stroud Oil Props., Inc., 2003 WL 21404820, at *3; Yorkshire
Ins. Co., ___ S.W.3d ___, 2007 WL 1771614, at *14.  We therefore do not
find that the trial court abused its discretion in denying Ortuno=s motion for protection.  Because of
our resolution here, we need not address the trial court=s other stated grounds for denying
Ortuno=s requested relief.

Accordingly,
we deny the petition for writ of mandamus.

 

 

/s/      Jeff Brown

Justice

 

 

 

Petition Denied, and Memorandum
Opinion filed, July 24, 2008.

Panel consists of Justices Yates,
Guzman, and Brown.









            [1]           In
re Ortuno, No. 14-08-00227-CV, 2008 WL 2339800, at *2 (Tex. App.CHouston [14th Dist.] May 6, 2008, orig. proceeding
[mand. denied]).





            [2]           The
Honorable Levi Benton, judge of the 215th Judicial District Court of Harris
County





            [3]           Ortuno,
2008 WL 2339800, at *1.





            [4]           Texas
Children=s Hospital is Dr. Caudle=s employer.





            [5]           Waiver
was not an issue in the earlier mandamus proceeding, which instead related to
whether the Asnap-back@
provisions of Rule 193.3(d) applyies to production of privileged materials by a
non-party.  See Ortuno, 2008 WL 2339800, at *1.





            [6]           Winkler
Villa filed the Caudle report in the trial court=s record.  We agree with Ortuno that an opponent=s disclosure of privileged materials would not
automatically waive a privilege that belongs to Ortuno.  See In re Ford
Motor Co., 211 S.W.3d 295, 301 (Tex. 2006) (orig. proceeding).  We note,
however, that Ortuno still has not asked that the trial court=s records containing the Caudle report be sealed.  See
Yorkshire Ins. Co. v. Seger, ___ S.W.3d ___, 2007 WL 1771614, at *14 (Tex.
App.CAmarillo June 20, 2007, pet. filed); Envtl.
Procedures, Inc. v. Guidry, ___ S.W.3d ___, No. 14-05-01090-CV, 2008 WL
1746087, at *18 (Tex. App.CHouston [14th
Dist.] Apr. 17, 2008, no pet.) (concluding that failure to request sealing
waived such relief); In re R.D., 955 S.W.2d 364, 366 (Tex. App.CSan Antonio 1997, pet. denied) (same).





            [7]           Although
Yorkshire remains pending before the Texas Supreme Court, none of the
parties have challenged the appellate court=s
waiver holding in their briefs, which have been made available online.