Robert C. EVANS, et al., Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al., Appellees.

No. 01–84–0511–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 31, 1985.

Rehearing Denied Feb. 21, 1985.

James A. McGuire, James A. McGuire & Associates, Houston, for appellants.

Arthur M. Glover, Jr., Hicks, Hirsch, Glover & Robinson, David E. Lueders, Law Offices of David E. Lueders, Houston, for appellees.

Before JACK SMITH, BASS and LEVY, JJ.

## OPINION

LEVY, Justice.

This is an appeal from an order dismissing appellants' suit for fraud. Appellant, Robert Evans, initially brought suit for personal injuries arising from an automobile accident against David Hoag and his insurance carrier, State Farm Mutual Automobile Insurance Company ("State Farm"). The suit was later amended to include a claim against Bert Simmons, a claims adjuster, and his employer, State Farm, for allegedly fraudulent settlement practices.

Appellant's counsel, James McGuire, joined as a party plaintiff on the fraud claim. The trial court subsequently dismissed the fraud claim for abuse of the discovery process. Appellants appeal from the dismissal of the fraud claim following its severance from the personal injury claim on April 26, 1984. Hoag is not a party to the fraud claim or to this appeal.

The record reflects that the court granted not one, but numerous opportunities over a 5 ½-month period for the appellants' counsel to produce a requested tape-recorded conversation between Simmons and himself. Appellants' counsel first refused to produce all tapes during a pretrial conference on October 31, 1983. The oral order of the pretrial conference was then reduced to written form on December 20, 1983, setting a January 16th deadline. Appellants' counsel then turned over all the tapes except the requested tape on January 16, 1984. Instead, appellants produced a tape which later was discovered to be the wrong tape. The trial judge signed an interlocutory order on February 6, 1984, dismissing the fraud claim for failure to produce the requested tape, but orally offered to rescind her order if the tape was produced by April 16, 1984, at 5:00 p.m. On April 16, a tape was produced but not timely presented before the trial judge. The record does not reflect whether the tape produced was the requested tape.

Appellants bring two points of error. In point of error one, appellants assert that the trial court erred in requiring the production of any and all tape recordings held by appellants' counsel of a telephone conversation with Bert Simmons, an employee of State Farm. In support of their first point, appellants complain that there was no written timely request for the production of the tapes; that the tapes were the attorney's work product; and that the sanction applied was too harsh.

■ Appellants argue that the trial court had an affirmative duty not to permit the discovery of an attorney's "work product." *West v. Solito*, 563 S.W.2d 240 (Tex. 1978). The "work product" doctrine gener-ally protects against disclosure of specific documents, reports, communications, memoranda, mental impressions, conclusions, opinions, or legal theories, prepared and assembled in actual anticipation of litigation or for trial. It is not an umbrella for materials assembled in the ordinary course of business. *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir.1982). We find that the "work product" doctrine does not apply to the statements of State Farm's employee. Rule 167(6), as amended January 1, 1981 (now found at Tex.R.Civ.P. 166b [2][g] (Vernon 1984)), provides for production as follows:

> Any person, whether or not a party, shall be entitled to obtain, upon written request, his own statement previously made concerning the subject matter of a lawsuit, which is in the possession, custody, or control of any party. For the purpose of this paragraph, a statement previously made is (a) a written statement signed or otherwise adopted or approved by the person making it, and (b) a stenographic, mechanical, electrical, or other type of recording, or any transcription thereof which is a substantial verbatim recital of a statement made by the person and contemporaneously recorded.

State Farm is entitled to invoke rule 167(6) regarding the statements of its own employee because "a corporation can only act and speak through its directors, officers, agents and employees." *Mosher Steel & Machinery Co. v. Nash*, 6 S.W.2d 158, 164 (Tex.Civ.App.—Dallas 1928, writ dism'd).

■ Appellants further argue that at the time of the pretrial conference on October 31, 1983, no written request for production of the tapes had been made, pursuant to rule 167. The record reflects that a written request was made by State Farm on December 7, 1983, some 37 days after the pretrial conference at which the trial judge orally ordered production. Appellants complain that the written request must be made within 30 days of the pretrial conference. We are not referred to any authority for the time limitation. Under rule 167(2),

the *response* to any request shall be served within 30 days after receipt of the request. The time limitation on a request provides only that, "No request may be served on a party until that party has filed a pleading or time therefor has elapsed." *Id.* Appellants have apparently confused the time limitation for the response with the limitation on the request.

Appellants further complain that the sanction of dismissal was too harsh. Appellants argue that the "most severe" sanction cannot be immediately imposed when there has not been a complete failure to comply with the discovery rules. *Lewit v. Illinois Employers Insurance Co.,* 590 S.W.2d 119 (Tex.1979) (per curiam).

▪ The choice of sanctions is a matter addressed to the sound discretion of the trial court. The question on appeal is whether the court's decision was arbitrary or unreasonable and is to be decided under the particular facts of each case. *City of Houston v. Arney,* 680 S.W.2d 867 (Tex. App.—Houston [1st Dist.] 1984, no writ). The dismissal sanction is expressly committed to the trial court's broad discretion as a means to remedy and deter discovery abuse. On appeal, sanctions for discovery abuse can be set aside only upon a showing of clear abuse of discretion. *Waguespack v. Halipoto,* 633 S.W.2d 628, 631 (Tex.App. —Houston [14th Dist.] 1982, writ dism'd); *Bottinelli v. Robinson,* 594 S.W.2d 112, 117 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

*Waguespack v. Halipoto, supra,* is similar to the instant case. The trial court dismissed the suit for failure to produce requested documents. The defendant finally produced the documents but did not pay the attorney's fees as ordered. The trial court denied the later motion to reinstate and the court of appeals held that there was no abuse of discretion because of the delay, disobedience to the court's orders, and general discovery abuse.

▪ The appellants herein have not shown that the sanction of dismissal was a clear abuse of discretion under the facts

and circumstances of this case, and we overrule the first point of error.

In point of error two, appellants assert that the trial court abused its discretion in refusing to reinstate the case after voluntary surrender of the requested tapes for "in camera" inspection by the appellants. The order of dismissal was signed February 6, 1984. The trial court offered to rescind its order if the tapes were timely surrendered and a $1,000 check for attorney's fees was paid to the opposing party. The tapes were allegedly surrendered by the April 16th deadline. Appellants also allege that the check was delivered on time.

▪ To preserve any alleged error, appellants should have filed a bill of exception to show that the tapes were produced because they *do not otherwise appear of record. See* Tex.R.Civ.P. 372(c), (e); *Continental Trailways, Inc. v. McCandless,* 450 S.W.2d 707 (Tex.Civ.App.—Austin 1969, no writ); *Robinson v. Crump,* 422 S.W.2d 536 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.). Appellants have the burden of making the appellate record. *Newsom v. Starkey,* 541 S.W.2d 468 (Tex.Civ. App.—Dallas 1976, writ ref'd n.r.e.).

A check for attorney's fees was attached as Exhibit "C" to appellants' brief. The check, however, was made payable jointly to "A.M. Glover and James A. McGuire." The trial court did not intend, and did not order, McGuire to make a check out to himself, singly or jointly. Failure to comply with an order to pay attorney's fees was grounds for dismissal in *Waguespack v. Halipoto, supra;* and *Lindley v. Flores,* 672 S.W.2d 612 (Tex.App.—Corpus Christi 1984, no writ). The mode of payment in the instant case was emphatically not proper payment of attorney's fees.

We find no error in the trial court's refusal to reinstate appellants' fraud action even if the correct tape was eventually produced, because no bill of exception was filed to show that the tape was actually submitted. Furthermore, appellants not only refused to produce the tape as ordered by the court but also clearly violated the trial court's order to pay attorney's fees.

We find that the trial court's imposition of sanctions, pursuant to rule 170 (now found in rule 215), finds adequate support in the record's disclosure of these abuses. The second point of error is therefore overruled.

The judgment of the trial court is affirmed.