**Opinion issued March 7, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00718-CV

———————————

**RENE CAMPOS, JIMMY ARNOLD, AND CHRIS ROBERTSON, Appellants**

**V.**

**THE CWEREN LAW FIRM PLLC, Appellee**

*and*

**THE CWEREN LAW FIRM PLLC, Appellant**

**V.**

**EUREKA MULTIFAMILY GROUP, L.P., EUREKA MULTIFAMILY GROUP GP, INC., 2016 BAYTOWN WARD RD., LLC, 2015 HOUSTON REDFORD, LLC, 2014 GALVESTON JONES DRIVE, LLC, 2013 HOUSTON FLEMING, LLC, 2013 HOUSTON MAXEY, LLC, 2015 HOUSTON GULFTON, LLC, 2013 TRAVIS OAK CREEK, LP, 2013 TRAVIS OAK CREEK GP, LLC, RENE CAMPOS, JIMMY ARNOLD, CHRIS ROBERTSON, KENNETH B. CHAIKEN, AND CHAIKEN & CHAIKEN, P.C., Appellees**

**On Appeal from the County Civil Court of Law No. 2**

**MEMORANDUM OPINION**

This case involves two related appeals. In the first appeal, appellants, Rene Campos, Jimmy Arnold, and Chris Robertson, challenge the trial court's order denying their motion for sanctions against appellee, the Cweren Law Firm PLLC (the "Cweren Law Firm"), and its attorney, Brian Cweren, filed in the Cweren Law Firm's suit for breach of contract, suit on sworn account, fraud, quantum meruit, and promissory estoppel. In their sole issue, Campos, Arnold, and Robertson contend that the trial court erred in denying their motion for sanctions.

In the second appeal, appellant, the Cweren Law Firm, challenges the trial court's orders vacating a previous order which had granted the Cweren Law Firm's motion for sanctions against appellees, Kenneth B. Chaiken and Chaiken & Chaiken, P.C. (collectively, "Chaiken"), denying the Cweren Law Firm's request for attorney's fees under the Texas Citizens Participation Act ("TCPA")[1] against appellees, Campos, Arnold, and Robertson, and denying the Cweren Law Firm's motion for sanctions against appellees, Eureka Multifamily Group, GP, Inc., Eureka Multifamily Group, L.P. (collectively, "Eureka"), 2016 Baytown Ward Rd., LLC,

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011.

2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson, in the Cweren Law Firm's suit for breach of contract, suit on sworn account, fraud, quantum meruit, and promissory estoppel. In three issues, the Cweren Law Firm contends that the trial court erred in vacating the previous sanctions order, denying its request for attorney's fees, and denying its motion for sanctions.

We affirm.

## Background

In its second amended petition, the Cweren Law Firm alleged that Eureka constituted "an investment and apartment management company that own[ed] and/or operate[d] apartment communities across the United States." Campos was the general partner of Eureka, as well as the "managing member and director" of certain Eureka properties. According to the Cweren Law Firm, it had "a long history of performing legal work for Eureka properties," but it had not been paid the legal fees owed on numerous matters.

Specifically, the Cweren Law Firm alleged that 2015 Houston Redford, LLC had engaged the firm to represent it in two matters. 2015 Houston Redford, LLC "agreed to pay [the Cweren Law Firm] for legal services rendered, together with

3

reasonable expenses incurred by [the firm] in the performance of [its] work," but 2015 Houston Redford, LLC owed the Cweren Law Firm $1,949.06 in unpaid legal fees and expenses.

Next, the Cweren Law Firm alleged that 2016 Baytown Ward Rd., LLC engaged the firm to represent it in two matters. 2016 Baytown Ward Rd., LLC "agreed to pay [the Cweren Law Firm] for legal services rendered, together with reasonable expenses incurred by [the firm] in the performance of [its] work," but 2016 Baytown Ward Rd., LLC owed the Cweren Law Firm $1,604.11 in unpaid legal fees and expenses.

Further, the Cweren Law Firm alleged that 2013 Houston Maxey, LLC engaged the firm to represent it in two matters, and 2013 Houston Maxey, LLC "agreed to pay [the Cweren Law Firm] for legal services rendered, together with reasonable expenses incurred by [the firm] in the performance of [its] work." According to the Cweren Law Firm, 2013 Houston Maxey, LLC owed the Cweren Law Firm $6,142.12 in unpaid legal fees and expenses.

The Cweren Law Firm also alleged that 2013 Houston Fleming, LLC engaged the firm to represent it in twelve matters, and 2013 Houston Fleming, LLC "agreed to pay [the Cweren Law Firm] for legal services rendered, together with reasonable expenses incurred by [the firm] in the performance of [its] work." 2013 Houston

4

Fleming, LLC owed the Cweren Law Firm $22,517.62 in unpaid legal fees and expenses.

As to 2013 Travis Oak Creek, LP and 2013 Travis Oak Creek GP, LLC, the Cweren Law Firm alleged that they engaged the firm to represent them in two matters, and 2013 Travis Oak Creek, LP and 2013 Travis Oak Creek GP, LLC "agreed to pay [the Cweren Law Firm] for legal services rendered, together with reasonable expenses incurred by [the firm] in the performance of [its] work." They owed the Cweren Law Firm $7,025.08 in unpaid legal fees and expenses.

The Cweren Law Firm further alleged that 2015 Houston Gulfton, LLC engaged the firm to represent it in one matter and 2014 Galveston Jones Drive, LLC engaged the firm to represent it in one matter. Each "agreed to pay [the Cweren Law Firm] for legal services rendered, together with reasonable expenses incurred by [the firm] in the performance of [its] work." According to the Cweren Law Firm, 2015 Houston Gulfton, LLC owed it $3,103.99 in unpaid legal fees and expenses, and 2014 Galveston Jones Drive, LLC owed it $647.66 in unpaid legal fees and expenses.

Additionally, the Cweren Law Firm alleged that it had regularly sent invoices to the property managers at the various Eureka properties and made direct payment requests to Campos at Eureka's corporate office. Despite multiple invoices, demands, and attempts to compromise, Eureka, 2016 Baytown Ward Rd., LLC, 2015

5

Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson had failed to pay the Cweren Law Firm the fees and expenses it was owed, which totaled $42,989.64.

The Cweren Law Firm further alleged that Campos had a "history of committing fraud by disputing or refusing to pay legitimate invoices" and "taking advantage of others to enrich himself and his business associates." Campos "likely financially benefit[ted] by not paying" the Cweren Law Firm the legal fees and expenses the firm was owed. According to the Cweren Law Firm, in April and May 2020, Campos "specifically promised" the Cweren Law Firm that it "would be paid the duly owed legal fees," but the firm was never paid. Further, Arnold promised the Cweren Law Firm that it "would be paid," but then refused to pay, and Robertson "also participated in the fraud."

The Cweren Law Firm brought claims against Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson for breach of contract, suit on sworn account, fraud, quantum meruit, and

6

promissory estoppel. The Cweren Law Firm requested damages in the amount of $42,989.64 as well as attorney's fees.

Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson all answered, generally denying the allegations in the Cweren Law Firm's petition, and asserting certain specific denials.

On April 1, 2021, the Cweren Law Firm filed an emergency motion for sanctions against Chaiken, who, at the time, represented Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson in the trial court. The Cweren Law Firm asserted that Chaiken had "engaged in highly abusive, scorched-earth litigation tactics designed to harass" the Cweren Law Firm. According to the Cweren Law Firm, the goal of Chaiken's harassment was "to force [the] Cweren [Law Firm] to walk away from the legal fees [it] was owed." The Cweren Law Firm requested that the trial court sanction Chaiken pursuant to Texas Rule of Civil Procedure 13 and its inherent authority.

Chaiken filed a response to the Cweren Law Firm's motion for sanctions. After a hearing, on April 13, 2021, the trial court granted the Cweren Law Firm's motion for sanctions pursuant to its inherent authority and Texas Rules of Civil Procedure 215.2(b) and 215.3 (the "April 13, 2021 sanctions order"). The trial court assessed monetary sanctions against Chaiken, ordering that Chaiken, within ten days of the date of the order, pay the Cweren Law Firm $50,000 for "the reasonable and necessary attorney's fees and expenses [it] ha[d] incurred in responding to the sanctionable conduct . . . and pursuing the motion for sanctions."[2] The trial court also ordered that Chaiken, Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson: (1) "communicate only with [t]he Cweren Law Firm['s] . . . lead counsel, . . . Cweren, about th[e] case and refrain from contacting the firm's associates"; (2) "issue no third party subpoenas or deposition notices without first seeking and obtaining leave of court"; (3) "not contact current or former associates or clients of [t]he Cweren Law Firm . . . concerning th[e] case without first seeking

---

[2] On April 21, 2021, the trial court granted Chaiken's motion to withdraw as counsel for Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson.

and obtaining leave of court"; and (4) "refrain from making ad hominem, personal attacks o[n] . . . Cweren and [t]he Cweren Law Firm . . . in . . . pleadings and in their communications with counsel."

Following the trial court's April 13, 2021 sanctions order, Chaiken filed an emergency motion to defer its payment obligations under the order, requesting that the trial court allow it to pay the sanctions award "after judgment and appeal" in the case. On April 26, 2021, the trial court denied Chaiken's motion (the "April 26, 2021 order").

Thereafter, Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson filed a motion to transfer and for sanctions, asserting that the Cweren Law Firm had engaged in "judge[]shopping."[3] More specifically, they asserted that the Cweren Law Firm had "filed seven separate [c]ounty [c]ivil [c]ourt lawsuits against seven of" them, "one or two at a time, until the last suit landed" with the particular judge that the Cweren Law Firm wanted to hear its case. The Cweren Law Firm then "amended its pleadings in th[e] [instant] []suit to join all other [parties] and . . . quietly nonsuited

---

[3]     Chaiken joined the motion to transfer and for sanctions.

9

the other suits that were pending in courts [with judges] that [the firm] did not like."[4]

Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson thus requested that the trial court transfer the Cweren Law Firm's suit to Harris County Civil Court at Law No. 2—the county civil court in which the firm's first suit was filed and over which the Honorable Jim Kovach presided. Further, Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson asked the trial court to impose monetary sanctions against the Cweren Law Firm and Cweren because they had engaged in improper "judge shopping." The trial court denied the motion to transfer and for sanctions.

However, after denying the transfer and sanctions motion, the Honorable Judge Barnstone resigned, and his successor, the Honorable Audrie Lawton-Evans reconsidered Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC,

---

[4] The underlying suit was filed in Harris County Civil Court at Law No. 1, over which the Honorable George Barnstone was the presiding judge. During the pendency of the Cweren Law Firm's suit, Judge Barnstone resigned, and the Honorable Audrie Lawton-Evans was appointed to serve as the presiding judge of the Harris County Civil Court at Law No. 1.

2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson's motion to transfer and for sanctions. The trial court granted the motion to transfer and transferred the Cweren Law Firm's suit to Harris County Civil Court at Law No. 2.[5] The trial court denied the request for sanctions.

After the Cweren Law Firm's suit was transferred, Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson as well as Chaiken filed motions to reconsider the April 13, 2021 sanctions order and the April 26, 2021 order, and they requested that the trial court vacate the previous orders.

The Cweren Law Firm responded, requesting that the trial court affirm the April 13, 2021 sanctions order and the April 26, 2021 order. After a hearing, the trial court, on July 21, 2022, vacated the April 13, 2021 sanctions order and the April 26, 2021 order "in all respects."

---

[5] *See In re 2016 Baytown Ward Rd LLC*, No. 01-21-00250-CV, 2022 WL 904626, at *1 (Tex. App.—Houston [1st Dist.] Mar. 29, 2022, orig. proceeding) (mem. op.) (noting successor trial court judge granted motion to transfer and transferred Cweren Law Firm's suit, as requested). The Honorable Jim Kovach is the presiding judge of Harris County Civil Court at Law No. 2.

11

The Cweren Law Firm then non-suited its claims against Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson.[6] And on July 29, 2022, the trial court signed an order of nonsuit, dismissing the Cweren Law Firm's claims without prejudice.[7]

Campos, Arnold, and Robertson then moved for sanctions against the Cweren Law Firm and Cweren, asserting that they had engaged in "improper judge shopping" and had brought claims against Campos, Arnold, and Robertson that "ha[d] no basis in law or fact," but that were "brought solely for the purpose of harassment." Campos, Arnold, and Robertson requested sanctions be imposed against the Cweren Law Firm and Cweren under Texas Rule of Civil Procedure 13 and Texas Civil Practice & Remedies Code chapter 10 in an amount "equal to the

---

[6] Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson also nonsuited any counterclaims they had pending against the Cweren Law Firm.

[7] The trial court's July 29, 2022 order of nonsuit did not constitute a final judgment because the Cweren Law Firm still had claims pending against another defendant who is not a party to this appeal. But the trial court's July 29, 2022 order of nonsuit, dismissed Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson's counterclaims against the Cweren Law Firm without prejudice as well.

cost that they [had] incurred defending against the groundless claims." Further, Campos, Arnold, and Robertson requested that the Cweren Law Firm and Cweren be sanctions "$10,000 each" and that Campos, Arnold, and Robertson "be awarded their attorney's fees incurred relating to the motion to transfer" because the Cweren Law Firm and Cweren had engaged in "judge shopping." After the Cweren Law Firm filed a response, the trial court, on August 29, 2022, denied Campos, Arnold, and Robertson's motion for sanctions.[8]

Additionally, the Cweren Law Firm moved for sanctions against Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson, arguing the trial court should impose sanctions under Texas Rule of Civil Procedure 13 and its inherent authority because Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson had "attended [a] mediation in bad

---

[8] In its response, the Cweren Law Firm requested sanctions against Campos, Arnold, and Robertson for filing "a groundless, frivolous motion for sanctions . . . in bad faith and solely for the purpose of harassment in violation of" Texas Rule of Civil Procedure 13. The trial court denied the Cweren Law Firm's request for sanctions as well.

13

faith."  According to the Cweren Law Firm, Campos, "inexplicably left [the mediation] early and refused to be present during the entire mediation process." Thus, the firm requested that the trial court "impose sanctions" and award it "costs and attorney's fees."  After a response was filed, the trial court, on August 29, 2022, denied the Cweren Law Firm's motion for sanctions.

On August 31, 2022, the trial court signed a final judgment, which disposed of all issues and all parties.

### Campos, Arnold, and Robertson's Appeal

In their sole issue, Campos, Arnold, and Robertson argue that the trial court erred in denying their motion for sanctions against Cweren and the Cweren Law Firm because Cweren and the Cweren Law Firm "engaged in impermissible forum shopping" and "asserted groundless claims against [Campos, Arnold, and Robertson] that had no basis in law or fact" and that were for "an improper purpose, namely, to harass, annoy, and alarm" Campos, Arnold, and Robertson.

A trial court may be authorized to impose sanctions against a party or a party's attorney by rule, statute, or its inherent authority.  *See, e.g.*, TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001–.006; *Phillips v. Am. Bankers Ins. Co. of Fla.*, No. 01-18-00375-CV, 2019 WL 3121856, at *7 (Tex. App.—Houston [1st Dist.] July 16, 2019, pet. denied) (mem. op.) ("A trial court possesses the inherent authority to impose sanctions for a bad faith abuse of the judicial process even when

14

the specific conduct is not covered by a rule or statute."). We review a trial court's order denying sanctions for an abuse of discretion. *See Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006); *Am. Fisheries, Inc. v. Nat'l Honey, Inc.*, 585 S.W.3d 491, 506 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). We may reverse the trial court's ruling on a motion for sanctions only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *See Am. Flood Research*, 192 S.W.3d at 583; *Am. Fisheries*, 585 S.W.3d at 506. The trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Am. Fisheries*, 585 S.W.3d at 506. When the trial court does not make findings of fact and conclusions of law, we imply all necessary fact findings to support the trial court's decision. *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 756 (Tex. App.—Dallas 1993, no writ).

A trial court may impose sanctions under Texas Rule of Civil Procedure 13 if a party or a party's attorney files a pleading that is groundless and that is brought in bad faith or for the purpose of harassment. *See* TEX. R. CIV. P. 13; *Am. Fisheries*, 585 S.W.3d at 506. "Groundless" means "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." TEX. R. CIV. P. 13 (internal quotations omitted). "To determine if a claim is

15

groundless, the trial court must objectively ask whether the party and [its] counsel made a reasonable inquiry into the legal and factual basis of the claim at the time the [pleading] in question was filed." *WWW.URBAN.INC. v. Drummond*, 508 S.W.3d 657, 676 (Tex. App.—Houston [1st Dist.] 2016, no pet.). The court determines whether the party and its counsel made a reasonable inquiry into the legal and factual basis of the claim by considering the circumstances that existed when the pleading was filed. *Id.*

"Bad faith" means "the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes." *Thielemann v. Kethan*, 371 S.W.3d 286, 294 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). "Improper motive is an essential element of bad faith." *Gomer v. Davis*, 419 S.W.3d 470, 478 (Tex. App.—Houston [1st Dist.] 2013, no pet.). "Bad faith does not exist when a party merely exercises bad judgment or is negligent." *Thielemann*, 371 S.W.3d at 294. "To 'harass' means to annoy, alarm, and verbally abuse another person." *Id.* Whether a party or its counsel acted in bad faith or for the purpose of harassment is also determined in reference to the circumstances that existed when the pleading was filed. *Drummond*, 508 S.W.3d at 676.

Notably, a court is to presume that "pleadings, motions and other papers are filed in good faith." TEX. R. CIV. P. 13. And the party moving for sanctions bears the burden of overcoming that presumption. *Am. Fisheries*, 585 S.W.3d at 506. The

16

trial court's decision to impose a sanction under Texas Rule of Civil Procedure 13 is discretionary. *Manning v. Enbridge Pipelines (E. Tex.) L.P.*, 345 S.W.3d 718, 728–29 (Tex. App.—Beaumont 2011, pet. denied).

Like Texas Rule of Civil Procedure 13, Texas Civil Practice and Remedies Code chapter 10 allows the trial court to sanction a party or a party's attorney for filing a motion or pleading with an improper purpose or that lacks legal or factual support. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 362 (Tex. 2014); *Beddingfield v. Beddingfield*, No. 10-15-00344-CV, 2018 WL 6378553, at *15 (Tex. App.—Waco Dec. 5, 2018, pet. denied) (mem. op.). Specifically, Texas Civil Practice and Remedies Code section 10.001 provides, in pertinent part:

> The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:
>
> > (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> >
> > (3) each allegation or other factual contention in the pleading or motion has evidentiary support, or for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or disc.overy; and

17

(4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

TEX. CIV. PRAC. & REM. CODE ANN. § 10.001. Thus, a trial court may impose sanctions on a party or the party's signatory for a violation of one of the statutory provisions in section 10.001.[9] *See id.* § 10.004 ("A court that determines that a person has signed a pleading or motion in violation of [s]ection 10.001 may impose a sanction on the person, a party represented by the person, or both."); *see also id.* § 10.002 ("A party may make a motion for sanctions, describing the specific conduct violating [s]ection 10.001."). The party moving for sanctions under Texas Civil Practice and Remedies Code chapter 10 has the burden to prove the pleading party's subjective state of mind, and the same presumption that "pleadings, motions and other papers are filed in good faith" applies. *See Drummond*, 508 S.W.3d at 675; *see also GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993) (trial court presumes parties and their counsel file all papers in good faith, and party seeking sanctions must overcome that presumption). The trial court's decision to impose a sanction under chapter 10 is entirely discretionary. *Manning*, 345 S.W.3d at 728.

---

[9] The trial court "may not award monetary sanctions against a represented party" for making an unwarranted or frivolous legal contention in contravention of Texas Civil Practice and Remedies Code section 10.001(2). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(d).

Finally, we note that the trial court also has the inherent authority to impose sanctions for a bad faith abuse of the judicial process even when the specific conduct is not covered by rule or statute. *See In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997); *Phillips*, 2019 WL 3121856, at *7. A trial court may exercise its inherent authority as necessary to deter, alleviate, or counteract a bad faith abuse of the judicial process. *Phillips*, 2019 WL 3121856, at *7.

In the trial court, Campos, Arnold, and Robertson moved for sanctions against the Cweren Law Firm and Cweren under Texas Rule of Civil Procedure 13 and Texas Civil Practice and Remedies Code chapter 10, asserting that the Cweren Law Firm had alleged "groundless claims" against them "in bad faith and for an improper purpose." According to Campos, Arnold, and Robertson, "[s]anctions under either [r]ule 13 [or] [c]hapter 10 [were] appropriate . . . because the [Cweren Law Firm's] claims against [them were] groundless, with no basis in law or fact, without evidentiary and legal support, and [were] brought in bad faith or to harass."

Campos, Arnold, and Robertson also argued that the trial court should sanction the Cweren Law Firm and Cweren, presumably under its inherent authority,[10] because they had engaged in "impermissible judge shopping," by filing "numerous successive suits," only changing the named defendant in the suit each

---

[10] Campos, Arnold, and Robertson's motion for sanctions did not specifically include the words "inherent authority."

19

time, until its "last-filed suit was assigned to Judge Barnstone." "Only then did [the Cweren Law Firm] file an amended petition in the last-filed suit that substantially expanded the case's scope—including by naming defendants sued in the previous six suits and request[ing] citations." The Cweren Law Firm then non-suited the first six cases "without ever having served them."

In its response to the motion for sanctions, the Cweren Law Firm requested that the trial court deny the motion because Campos, Arnold, and Robertson had defied a "clear directive" from the trial court and Judge Lawton-Evans, before transferring the Cweren Law Firm's suit, orally denied Campos, Arnold, and Robertson's motion for sanctions at the hearing on the motion to transfer. Further, the Cweren Law Firm asserted that neither it nor Cweren had "engage[d] in improper forum shopping" and the Cweren Law Firm's claims against Campos, Arnold, and Robertson were valid and "based in law and fact."

Notably, in this case, the trial court denied Campos, Arnold, and Robertson's motion for sanctions, without explanation. And although a hearing was conducted on the motion, no record was taken of the hearing.

A court of appeals affords a trial court wide discretion in determining whether to impose sanctions against a party or a party's attorney. *Khan v. Valliani*, 439 S.W.3d 528, 537 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Great W. Drilling, Ltd. v. Alexander*, 305 S.W.3d 688, 698 (Tex. App.—Eastland 2009, no

20

pet.); *Dewalt v. Dewalt*, No. 03-03-00056-CV, 2004 WL 1574252, at \*2 (Tex. App.—Austin July 15, 2004, no pet.) (mem. op.). And a trial court's ruling to not impose sanctions will only be set aside upon a showing that the trial court "clearly" abused its discretion. *See Hanley v. Hanley*, 813 S.W.2d 511, 516 (Tex. App.—Dallas 1991, no writ) (internal quotations omitted); *see also Evans v. State Farm Mut. Auto. Ins. Co.*, 685 S.W.2d 765, 768 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). It is a "heavy burden" for an appellant to "show[] that the trial court's refusal . . . to impose sanctions was an abuse of discretion." *Allstate Ins. Co. v. Garcia*, No. 13-02-092-CV, 2003 WL 21674766, at \*2 (Tex. App.—Corpus Christi–Edinburgh July 18, 2003, no pet.) (mem. op., not designated for publication); *see also Scott Pelley P.C. v. Wynne*, No. 05-15-01560-CV, 2017 WL 3699823, at \*31 (Tex. App.—Dallas Aug. 28, 2017, pet. denied) (mem. op.).

Here, Campos, Arnold, and Robertson had the burden of making an appellate record demonstrating that the trial court abused its discretion. *See Evans*, 685 S.W.2d at 768; *see also Crown Asset Mgmt., L.L.C. v. Castro*, No. 05-07-01305-CV, 2008 WL 3272169, at \*1 (Tex. App.—Dallas Aug. 11, 2008, no pet.) (mem. op.) ("[T]he appellant bears the burden to supply [the appellate court] with a complete record demonstrating the trial court abused its discretion."); *Neal v. Kuniansky*, No. 01-05-00368-CV, 2006 WL 1493735, at \*2 (Tex. App.—Houston [1st Dist.] June 1, 2006, no pet.) (mem. op.) (appellant "had the burden of furnishing [appellate court]

21

with a record that support[ed] her issues on appeal"). Generally, when there is no reporter's record, and findings of fact and conclusions of law are neither requested nor filed, the judgment of the trial court implies all necessary findings of fact to sustain the judgment. *Vadackaneth v. Asariyathu*, No. 05-21-00893-CV, 2023 WL 3881128, at *2 (Tex. App.—Dallas June 8, 2023, no pet.) (mem. op.). Stated differently, we must presume that, had a transcript of the motion-for-sanctions hearing been taken, it would support the trial court's order. *Id.*; *see also K.J. v. USA Water Polo, Inc.*, 383 S.W.3d 593, 608 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *Thomas v. Itochu Project Mgmt, Inc.*, No. 01-00-00578-CV, 2002 WL 2023509, at *4 (Tex. App.—Houston [1st Dist.] Aug. 30, 2002, pet. denied) (not designated for publication) ("[W]e cannot say that the trial court abused its discretion" in denying motion for sanctions where "[w]e have no record of the oral hearing held on the motion for sanctions."); *Page v. Sartin*, No. 05-01-01710-CV, 2002 WL 1634478, at *1 (Tex. App.—Dallas July 24, 2002, no pet.) (not designated for publication) ("Without a record from the sanctions hearing, we must presume the evidence before the trial [court] was adequate to support the decision."); *Univ. of Tex. at Arlington v. Bishop*, 997 S.W.2d 350, 357–58 (Tex. App.—Fort Worth 1999, pet. denied).

Additionally, we note that Campos, Arnold, and Robertson, in their briefing, have not cited a single case in which an appellate court held that a trial court abused

22

its discretion by declining to impose a punishment for conduct that would be considered sanctionable. *See Manning*, 345 S.W.3d at 728; *see also Garcia*, 2003 WL 21674766, at *2 (appellant failed to cite "any authority in which an appellate court reversed a trial court's decision not to impose sanctions under [Texas] [R]ule [of Civil Procedure] 13 or [Texas Civil Practice and Remedies Code] chapter 10"). Instead, in cases where a party has appealed a trial court's order denying a motion for sanctions, appellate courts have upheld the trial court's decision because of the trial court's discretion. *See, e.g.*, *Manning*, 345 S.W.3d at 728–29 (noting trial court was "in a better position than [appellate court] to decide whether to impose sanctions"); *see also Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 662–63 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (declining to hold that trial court abused its discretion in refusing to award sanctions under Texas Civil Practice and Remedies Code chapter 10); *Alexander*, 305 S.W.3d at 697–98 (noting trial court familiar with case and appellate court could not "find [that] the trial court abused its discretion in its refusal to award . . . sanctions" under Texas Rule of Civil Procedure 13 and Texas Civil Practice and Remedies Code chapter 10); *Griffin Indus. v. Grimes*, No. 04-02-00430-CV, 2003 WL 1911993, at *1–7 (Tex. App.—San Antonio Apr. 23, 2003, no pet.) (not designated for publication) (holding trial court did not abuse its discretion in denying motion for sanctions).

Accordingly, we hold that Campos, Arnold, and Robertson did not meet their burden of establishing that the trial court abused its discretion in denying their motion for sanctions against the Cweren Law Firm and Cweren.

We overrule the sole issue of Campos, Arnold, and Robertson.

## The Cweren Law Firm's Appeal

In its first issue, the Cweren Law Firm argues that the trial court erred in vacating the April 13, 2021 sanctions order against Chaiken because "Judge Barnstone properly imposed sanctions against [Chaiken]" due to Chaiken's "pattern of misconduct," Judge Barnstone "entered a detailed, ten-page sanctions order with highly specific findings of misconduct by Chaiken," and the trial court only vacated the April 13, 2021 sanctions order "to end the case." (Emphasis omitted.) In its second issue, the Cweren Law Firm argues that the trial court erred in denying its request for attorney's fees under the TCPA because Campos, Arnold, and Robertson's TCPA motion to dismiss was "frivolous and solely intended to delay." In its third issue, the Cweren Law Firm argues that the trial court erred in denying its motion for sanctions because Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson "fail[ed] to act in good faith at a court-ordered mediation."

24

## A.    April 13, 2021 Sanctions Order

In its first issue, the Cweren Law Firm argues that the trial court erred in vacating the April 13, 2021 sanctions order against Chaiken because Judge Barnstone properly granted the Cweren Law Firm's motion for sanctions and the trial court only vacated that April 13, 2021 sanctions order "to end the case."

On April 1, 2021, the Cweren Law Firm filed an emergency motion for sanctions against Chaiken, who, at the time, represented Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson in the trial court. In its motion, the Cweren Law Firm requested that the trial court—Harris County Civil Court at Law No. 1—sanction Chaiken pursuant to Texas Rule of Civil Procedure 13 and its inherent authority. After Chaiken filed a response and a hearing was held, the trial court granted the Cweren Law Firm's motion for sanctions pursuant to its inherent authority and Texas Rules of Civil Procedure 215.2(b) and 215.3.

However, the Cweren Law Firm's suit was then transferred to a new trial court—Harris County Civil Court at Law No. 2—and Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC,

25

2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson as well as Chaiken filed motions to reconsider the April 13, 2021 sanctions order,[11] requesting that the trial court vacate the April 13, 2021 sanctions order. The Cweren Law Firm responded, stating that the trial court should affirm the April 13, 2021 sanctions order. On July 21, 2022, the trial court, after a hearing, vacated the April 13, 2021 sanctions order "in all respects."

We review a trial court's ruling on a motion for sanctions for an abuse of discretion. *See Altesse Healthcare Sols., Inc. v. Wilson*, 540 S.W.3d 570, 573–74 (Tex. 2018). We also review a trial court ruling on a motion for reconsideration for an abuse of discretion. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984); *Callaway v. Martin*, No. 02-16-00181-CV, 2017 WL 2290160, at *3 (Tex. App.— Fort Worth May 25, 2017, no pet.) (mem. op.).

Here, the Cweren Law Firm argues that the trial court erred in vacating the April 13, 2021 sanctions order against Chaiken because the original trial court properly granted the firm's motion for sanctions and the new trial court only vacated the April 13, 2021 sanctions order "to end the case." But the trial court's July 21, 2022 order vacating the April 13, 2021 sanctions order does not contain an explanation for the trial court's ruling. And according to the Cweren Law Firm,

---

[11] They also requested that the trial court reconsider the April 26, 2021 order, but the Cweren Law Firm does not appear to challenge on appeal the trial court's vacatur of the April 26, 2021 order.

26

there was no record taken during the trial court's hearing on the motions to reconsider the April 13, 2021 sanctions order filed by Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson as well as Chaiken.

The Cweren Law Firm, as the appellant, has the burden of making an appellate record demonstrating that the trial court abused its discretion. *See Evans*, 685 S.W.2d at 768; *see also Castro*, 2008 WL 3272169, at *1 ("[T]he appellant bears the burden to supply [the appellate court] with a complete record demonstrating the trial court abused its discretion."); *Neal*, 2006 WL 1493735, at *2 (appellant "had the burden of furnishing [appellate court] with a record that support[ed] her issues on appeal"). And when there is no reporter's record, and findings of fact and conclusions of law are neither requested nor filed, the judgment of the trial court implies all necessary findings of fact to sustain the judgment. *Vadackaneth*, 2023 WL 3881128, at *2. In other words, we must presume that, had a transcript of the motion-to-reconsider hearing been taken, it would support the trial court's order. *Id.* Without a record from the hearing on the motions to reconsider, we cannot determine whether the trial court abused its discretion when it granted the motions to reconsider and vacated the April 13, 2021 sanctions order. *See Willie v. Donovan & Watkins,*

27

*Inc.*, No. 01-03-00890-CV, 2005 WL 375328, at *2 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, no pet.) (mem. op.); *see also Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987) (appellant had burden of presenting a sufficient record to establish that trial court acted outside the zone of reasonable disagreement); *Thomas*, 2002 WL 2023509, at *4 ("[W]e cannot say that the trial court abused its discretion" in denying motion for sanctions where "[w]e have no record of the oral hearing held on the motion for sanctions."); *Page*, 2002 WL 1634478, at *1 ("Without a record from the sanctions hearing, we must presume the evidence before the trial [court] was adequate to support the decision."); *Youngs v. Choice*, 868 S.W.2d 850, 854 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (holding appellant waived any error regarding sanctions order by failing to provide the court with a record that showed error).

Accordingly, we hold that the Cweren Law Firm did not meet its burden of establishing that the trial court abused its discretion in vacating the April 13, 2021 sanctions order.

We overrule the Cweren Law Firm's first issue.

**B.     Attorney's Fees Under TCPA**

In its second issue, the Cweren Law Firm argues that the trial court erred in denying its request for attorney's fees under the TCPA because Campos, Arnold,

and Robertson's TCPA motion to dismiss was "frivolous and solely intended to delay."

Under Texas Civil Practice and Remedies Code section 27.009(b), a trial court "may award court costs and reasonable attorney's fees" to the party responding to a TCPA motion to dismiss "[i]f the court finds that [the] motion to dismiss . . . [was] frivolous or solely intended to delay." TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(b). We generally review a trial court's decision to award attorney's fees for an abuse of discretion. *Keane Frac, LP v. SP Silica Sales, LLC*, 608 S.W.3d 416, 432 (Tex. App.—Houston [1st Dist.] 2020, no pet.). A trial court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to guiding rules or principles. *ADB Int., LLC v. Wallace*, 606 S.W.3d 413, 440 (Tex. App.—Houston [1st Dist.] 2020, pet. denied).

The TCPA treats an award of attorney's fees differently for movants and respondents. *See Weller v. MonoCoque Diversified Ints., LLC*, No. 03-19-00127-CV, 2020 WL 3582885, at *5 (Tex. App.—Austin July 1, 2020, no pet.) (mem. op.). An award of reasonable attorney's fees is mandatory for a party who prevails on its TCPA motion to dismiss, but an award to a responding party that is successful in defending against a TCPA motion to dismiss is discretionary even if the trial court makes the required findings that the TCPA motion to dismiss was frivolous or solely intended to delay. *Id.*; *Cruz v. Van Sickle*, 452 S.W.3d 503, 525

29

(Tex. App.—Dallas 2014, pet. denied); *see also Megatel Homes III, LLC v. Woodhull Ventures 2015, L.P.*, No. 03-21-00390-CV, 2023 WL 4373424, at *9 (Tex. App.—Austin July 7, 2023, no pet.) (mem. op.) (award of attorney's fees to party who successfully defends against TCPA motion to dismiss is entirely discretionary).

In the trial court, Campos, Arnold, and Robertson moved to dismiss certain claims that the Cweren Law Firm had alleged against them under the TCPA, arguing that the trial court should dismiss the claims because they were filed against Campos, Arnold, and Robertson in response to their "exercise of free speech and right of association." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. In its response to the TCPA motion to dismiss, the Cweren Law Firm asserted that the motion was "frivolous and solely intended for delay," and it requested that the trial court award its attorney's fees and costs pursuant to Texas Civil Practice and Remedies Code section 27.009(b).

Following a hearing, the trial court, on July 22, 2022, signed an order denying Campos, Arnold, and Robertson's motion to dismiss.[12] But the order did not find

---

[12] The Cweren Law Firm has attached to its appellant's brief an unofficial copy of an order dated July 21, 2022, which appears to deny Campos, Arnold, and Robertson's TCPA motion to dismiss and deny the firm's request for attorney's fees. The Cweren Law Firm has not directed this Court to the location, if any, of the order in the appellate record. The attachment of documents as exhibits or appendices to an appellate brief does not constitute formal inclusion of such documents in the record for appeal, and we cannot consider matters outside of the record in our review. *See*

that the TCPA motion to dismiss was frivolous or solely intended for delay, and it did not contain a ruling on the Cweren Law Firm's request for attorney's fees and costs.[13]  Subsequently, on July 29, 2022, the trial court entered an order of nonsuit, dismissing the Cweren Law Firm's claims against Campos, Arnold, and Robertson, which appears to have included the Cweren Law Firm's request for attorney's fees against Campos, Arnold, and Robertson.

In the portion of its briefing in which the Cweren Law Firm argues that it was entitled to attorney's fees under Texas Civil Practice and Remedies Code section 27.009(b) because Campos, Arnold, and Robertson's TCPA motion to dismiss was "frivolous and solely intended to delay," the firm fails to direct the Court to any portion of the record or appropriate authority to support its assertion.  Further, in the portion of its briefing in which the Cweren Law Firm asserts that the trial court "improperly denied" its request for attorney's fees "solely to end the case," the firm fails to direct the Court to any portion of the record or any appropriate authority supporting its assertion.  *See* TEX. R. APP. P. 38.1(i) ("[Appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Richardson v. Marsack*, No.

---

*McCann v. Spencer Plantation Invs., Ltd.*, No. 01-16-00098-CV, 2017 WL 769895, at *4 n.5 (Tex. App.—Houston [1st Dist.] Feb. 28, 2017, pet. denied) (mem. op.).

[13] The order that was signed by the trial court denying Campos, Arnold, and Robertson's TCPA motion to dismiss was approved by the Cweren Law Firm as to substance and form and was submitted to the trial court by the Cweren Law Firm.

05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) ("Our appellate rules have specific requirements for briefing," including requiring "appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record."). A failure to cite appropriate authority or provide proper citation to the record waives a complaint on appeal. *See Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *see also Roberts for Roberts v. City of Texas City*, No. 01-21-00064-CV, 2021 WL 5702464, at *1 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, no pet.) (mem. op.) ("[A]dequate briefing [requires] proper citation to the record, and [i]f record references are not made or are inaccurate, misstated, or misleading, the brief fails." (second and third alteration in original) (internal quotations omitted)); *Walker v. Davison*, No. 01-18-00431-CV, 2019 WL 922184, at *2–3 (Tex. App.—Houston [1st Dist.] Feb. 26, 2019, no pet.) (mem. op.) (holding appellant waived his appellate issues because appellant's brief did not contain citations to record in support of appellant's contentions).

Accordingly, we hold that the Cweren Law Firm waived its complaint that the trial court erred in denying its request for attorney's fees under Texas Civil Practice

32

and Remedies Code section 27.009(b) due to inadequate briefing.[14] *See, e.g.*, *LMP Austin English Aire, LLC v. Lafayette English Apartments, LP*, 654 S.W.3d 265, 290–91 (Tex. App.—Austin 2022, no pet.) (holding complaint regarding attorney's fees under Texas Civil Practice and Remedies Code section 27.009(b) waived because of inadequate briefing).

## C.     Motion for Sanctions Related to Mediation

In its third issue, the Cweren Law Firm argues that the trial court erred in denying its motion for sanctions because Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013

---

[14] We further note that the trial court's decision on whether the award attorney's fees and costs under Texas Civil Practice and Remedies Code section 27.009(b) is completely discretionary, and the Cweren Law Firm has not come forward with a record demonstrating that the trial court abused its discretion by denying the request for attorney's fees and costs. *See, e.g.*, *Zidan v. Zidan*, No. 05-20-00786-CV, 2022 WL 17335693, at *13 (Tex. App.—Dallas Nov. 30, 2022, pet. denied) (mem. op.) (explaining trial court did not make required finding that TCPA motion to dismiss was frivolous or solely intended to delay, and even if it had, whether to award fees under Texas Civil Practice and Remedies Code section 27.009(b) was still in the trial court's discretion); *see also Bookout v. Shelley*, No. 02-22-00055-CV, 2022 WL 17173526, at *29 (Tex. App.—Fort Worth Nov. 23, 2022, no pet.) (mem. op.) (recognizing trial court was in best position to evaluate circumstances in determining whether to award attorney's fees under Texas Civil Practice & Remedies Code section 27.009(b)); *Borgelt v. Austin Firefighters Ass'n, IAFF Loc. 975*, No. 03-21-00227-CV, 2022 WL 17096786, at *19 (Tex. App.—Austin Nov. 22, 2022, pet. granted) (mem. op.) (noting trial court had broad discretion in deciding whether to award attorney's fees under Texas Civil Practice & Remedies Code section 27.009(b)).

Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson "fail[ed] to act in good faith at a court-ordered mediation."

As previously addressed, we review a trial court's order denying sanctions for an abuse of discretion. *See Am. Flood Research*, 192 S.W.3d at 583; *Am. Fisheries*, 585 S.W.3d at 506. We may reverse the trial court's ruling on a motion for sanctions only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *See Am. Flood Research*, 192 S.W.3d at 583; *Am. Fisheries*, 585 S.W.3d at 506.

The Cweren Law Firm argues that "[s]anctions were warranted" against Eureka, 2016 Baytown Ward Rd., LLC, 2015 Houston Redford, LLC, 2014 Galveston Jones Drive, LLC, 2013 Houston Fleming, LLC, 2013 Houston Maxey, LLC, 2015 Houston Gulfton, LLC, 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek GP, LLC, Campos, Arnold, and Robertson because they failed to participate in a court-ordered mediation in good faith. (Emphasis omitted.) The Cweren Law Firm bases its argument on its allegation that Campos was "the decision maker" and he "left the mediation early." (Emphasis omitted.) Further, the Cweren Law Firm asserts that the trial court denied its motion for sanctions "solely to end the case."

Again, we note that a court of appeals affords a trial court wide discretion in determining whether to impose sanctions against a party or a party's attorney. *Khan*, 439 S.W.3d at 537; *see also Alexander*, 305 S.W.3d at 698; *Dewalt*, 2004 WL

34

1574252, at *2.  And a trial court's ruling to not impose sanctions will only be set aside upon a showing that the trial court "clearly" abused its discretion.  *See Hanley*, 813 S.W.2d at 516 (internal quotations omitted); *see also Evans*, 685 S.W.2d at 768.  It is a "heavy burden" for an appellant to "show[] that the trial court's refusal . . . to impose sanctions was an abuse of discretion."  *Garcia*, 2003 WL 21674766, at *2; *see also Scott Pelley P.C.*, 2017 WL 3699823, at *31.

The Cweren Law Firm has provided no record of the trial court's hearing on its motion for sanctions.  *See Evans*, 685 S.W.2d at 768 (appellant has burden of making appellate record that demonstrates trial court abused its discretion); *see also Castro*, 2008 WL 3272169, at *1 ("[T]he appellant bears the burden to supply [the appellate court] with a complete record demonstrating the trial court abused its discretion."); *Neal*, 2006 WL 1493735, at *2 (appellant "had the burden of furnishing [appellate court] with a record that support[ed] her issues on appeal").  Thus, we must presume that, had a transcript of the motions-for-sanctions hearing been taken, it would support the trial court's order.  *See Vadackaneth*, 2023 WL 3881128, at *2; *see also K.J.*, 383 S.W.3d at 608; *Thomas*, 2002 WL 2023509, at *4 ("[W]e cannot say that the trial court abused its discretion" in denying motion for sanctions where "[w]e have no record of the oral hearing held on the motion for sanctions."); *Page*, 2002 WL 1634478, at *1 ("Without a record from the sanctions

hearing, we must presume the evidence before the trial [court] was adequate to support the decision."); *Bishop*, 997 S.W.2d at 357–58.

Accordingly, we hold that the Cweren Law Firm did not meet its burden of establishing that the trial court abused its discretion in denying its motion for sanctions.

We overrule the Cweren Law Firm's third issue.

## Conclusion

We affirm the trial court's judgment.

Julie Countiss
Justice

Panel consists of Justices Goodman, Countiss, and Farris.